NOT DESIGNATED FOR PUBLICATION

No. 112,222

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KAROLYN G. HASTINGS,
*Appellant.*

MEMORANDUM OPINION

Appeal from Shawnee District Court; NANCY E. PARRISH, judge. Opinion filed March 4, 2016. Affirmed in part and dismissed in part.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Jodi Litfin* and *Kyle Edelman*, assistant district attorneys, *Chadwick J. Taylor*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., BUSER, J., and HEBERT, S.J.

*Per Curiam*:  Karolyn G. Hastings appeals her convictions for driving under the influence of drugs or alcohol (DUI), fleeing or attempting to elude a police officer, and failing to maintain a single lane. For her first issue on appeal, Hastings contends the trial court improperly forbid the jury from exercising its power of nullification when it instructed the jurors that in the absence of reasonable doubt they *should* find her guilty. For her second issue, Hastings claims the sentencing court erred when it denied her request for retroactive application of the look-back period provided in K.S.A. 2011 Supp.

1

8-1567(j)(3) and erroneously imposed the enhanced sentence applicable to a defendant with four prior DUI convictions rather than three prior DUI convictions.

Having carefully considered the record on appeal and the parties' briefs, we affirm the convictions and dismiss Hastings' claim of sentencing error as moot.

FACTUAL AND PROCEDURAL BACKGROUND

At about 1:30 a.m. on January 7, 2009, Officer Hoa Lam of the Topeka Police Department observed Hastings' pickup truck weaving in its traffic lane and crossing the double yellow lines. This driving behavior continued for some distance. Based upon his observations, Officer Lam suspected that Hastings was DUI.

Officer Lam activated his emergency equipment whereupon Hastings made a wide turn and "the rear of the [truck] kind of slid a little bit." Hastings did not yield in response to Officer Lam's activation of his vehicle's emergency lights and siren but continued travelling down the Interstate. Finally, Hastings exited the highway and stopped her vehicle just past a stop sign. Upon arresting Hastings for eluding a police officer, Officer Lam observed that Hastings' speech was slurred, her "eyes were watery, they were bloodshot, and [he] could smell the strong odor of alcoholic beverages coming from her breath."

At the Law Enforcement Center, Officer Lam offered Hastings the option of performing standardized field sobriety tests, but she declined. Hastings did agree, however, to submit to evidentiary chemical testing. Officer Lam administered two Intoxilyzer 8000 breath tests, both of which yielded "deficient" samples. The second test, however, provided sufficient pressure and volume to yield a result of "deficient sample, highest value equals .188." Officer Lam and Amanda Thurman, a laboratory specialist with the Kansas Department of Health and Environment, both testified that the highest

2

value reading represents the "very least . . . breath alcohol concentration" the person submitting to the test has within his or her body.

Hastings was charged with DUI, as a third or subsequent offense, fleeing or attempting to elude a police officer, and failing to maintain a single lane. Hastings had two separate jury trials on the State's charges. The first trial resulted in convictions for fleeing or attempting to elude and failure to maintain a single lane. The jury, however, was unable to render a verdict on the DUI charge. A second trial resulted in a DUI conviction.

Hastings was sentenced on November 30, 2012. The district court sentenced Hastings to a controlling 12-month jail sentence. She was ordered placed on supervised parole after serving 180 days in custody. Hastings filed a timely appeal.

REASONABLE DOUBT INSTRUCTION

At the outset, Hastings acknowledges that criminal defendants are not entitled to have the jury instructed on its inherent power of nullification—the power to disregard the rules of law and evidence in order to acquit the defendant based upon the jurors' sympathies, notions of right and wrong, or a desire to send a message on some social issue. See *State v. Naputi*, 293 Kan. 55, 65-66, 260 P.3d 86 (2011) (Juries should not be instructed on nullification because "[i]t is not the role of the jury to rewrite clearly intended legislation, nor is it the role of the courts to instruct the jury that it may ignore the rule of law, no matter how draconian it might be.").

Still, Hastings complains it was improper to provide the juries in both trials with the following instruction on reasonable doubt:  "If you have no reasonable doubt as to the truth of each of the claims required to be proved by the State, you *should* find the

3

defendant guilty." (Emphasis added.) In Hastings' view, this instruction "misstated the law regarding the jury's obligation to enter a guilty verdict."

As Hastings candidly concedes, however, she did not object to the trial court's instruction on reasonable doubt in either trial. This failure to object is consequential: A party may not claim error because the trial court gave or failed to give a jury instruction unless (1) the party objects before the jury retires, stating distinctly the matter to which the party objects and the grounds for the objection; or (2) the instruction or the failure to give the instruction is clearly erroneous. K.S.A. 22-3414(3); *State v. Smyser*, 297 Kan. 199, 204, 299 P.3d 309 (2013).

Appellate courts utilize a two-step process in determining whether a challenged instruction was clearly erroneous:  (1) The court must determine whether there was any error at all by considering whether the subject instruction was legally and factually appropriate, employing an unlimited review of the entire record; (2) if the court finds error, it must assess "'whether it is firmly convinced that the jury would have reached a different verdict had the instruction error not occurred.'" 297 Kan. at 204. Reversibility is subject to unlimited review and is based on the entire record; the party claiming error in the instructions has the burden to prove the degree of prejudice necessary for reversal. *State v. Betancourt*, 299 Kan. 131, 135, 322 P.3d 353 (2014).

Preliminarily, we must address the State's assertion that we should not review whether the district court's reasonable doubt instructions directed a verdict for the State because Hastings invited the error of which she now complains. Indeed, prior to her first trial, Hastings requested a reasonable doubt instruction that was virtually identical to the instruction the district court ultimately provided to the jury. Hasting's proposed instruction included the sentence which she now, for the first time on appeal, claims was erroneous:  "If you have no reasonable doubt as to the truth of any of the claims required to be proved by the State, you *should* find the defendant guilty." (Emphasis added.)

4

Generally, a defendant may not invite error and then complain of the error on appeal. *State v. Verser*, 299 Kan. 776, 784, 326 P.3d 1046 (2014). In other words, "'[w]here a party procures a court to proceed in a particular way and invites a particular ruling, [the party] is precluded from assailing such proceeding and ruling on appellate review.'" *State v. Schreiner*, 46 Kan. App. 2d 778, 788, 264 P.3d 1033 (2011), *rev. denied* 296 Kan. 1135 (2013); see *State v. Bailey*, 292 Kan. 449, 459, 255 P.3d 19 (2011) ("When defendant's requested instruction is given to the jury, the defendant cannot complain the requested instruction was error on appeal. [Citation omitted.]"). But in this appeal, it is unclear whether Hastings intended to use in the second trial the proposed instructions she provided the district court prior to the first trial. As a result, we will decline to find invited error with regard to this issue, but we will address the merits of Hastings' argument.

As Hastings acknowledges, the reasonable doubt instruction the trial court provided at each jury trial is identical to PIK Crim. 3d 52.02. (The post-2005 version of PIK Crim. 3d 52.02 is identical to PIK Crim. 4th 51.010.). However, Hastings contends it was legally inappropriate for the trial court to utilize PIK Crim. 3d 52.02 because the use of the word "should" rather than "may" erroneously provides for a mandatory adjudication of guilt upon a finding that all elements of the charged crimes were proven beyond a reasonable doubt.

In support of her argument, Hastings cites *State v. Smith-Parker*, 301 Kan. 132, Syl. ¶ 6, 340 P.3d 485 (2014). Smith-Parker argued that the trial court misstated the law on reasonable doubt when it gave the jury the following instruction on first-degree murder: "'If you do not have a reasonable doubt from all the evidence that the State has proven murder in the first degree on either or both theories, then you *will* enter a verdict of guilty.' (Emphasis added.)" 301 Kan. at 163. Of relevance to Hasting's appeal, Smith-Parker argued that the district court should have provided the jury with "the general reasonable doubt instruction . . . [t]hat . . . said: 'If you have no reasonable doubt as to

5

the truth of each of the claims required to be proved by the State, you *should* find the defendant guilty.' (Emphasis added.)" 301 Kan. at 163.

Our Supreme Court agreed with Smith-Parker's argument: "Although we have rejected a defense argument that a criminal jury should be instructed on its inherent power of nullification, [citation omitted], the district judge's instruction in this case went too far in the other direction. It essentially forbade the jury from exercising its power of nullification. [Citation omitted.]." 301 Kan. at 164. The Supreme Court determined that the word "will" used in the first-degree murder instruction essentially directed a verdict for the State and a judge "cannot compel a jury to convict, even if it finds all elements proved beyond a reasonable doubt." 301 Kan. at 164.

Of note, however, Smith-Parker did not object to and our Supreme Court did not disapprove of the use of the word should used in the general reasonable doubt instruction in *Smith-Parker*. This distinguishes *Smith-Parker* from the crux of Hastings' complaint in this appeal where she is objecting to the use of the word should in the reasonable doubt instruction.

The instruction at issue here, however, does not upset the balance between encouraging jury nullification and forbidding it. As Hastings asserts, the American Heritage Dictionary of the English Language 1623 (5th ed. 2011) defines "should" as a word used to express "obligation or duty," But unlike the words must, shall, and will, the word should does not express a mandatory, unyielding duty or obligation; instead, it merely denotes the proper course of action and encourages following the advised path. Accordingly, PIK Crim. 3d 52.02 does not direct a verdict for the State.

Moreover, PIK Crim. 3d 52.02 equally protects the rights of the accused and the State, as its description of the proper function and duty of a jury is fully consistent with our statutory law. For example, K.S.A. 2015 Supp. 60-247(d) provides: "The jurors must

6

swear or affirm to try the case conscientiously and return a verdict according to the law and the evidence." Indeed, in *State v. McClanahan*, 212 Kan. 208, 216-17, 510 P.2d 153 (1973) our Supreme Court stated:

> "The administration of justice cannot be left to community standards or community conscience but must depend upon the protections afforded by the rule of law. *The jury must be directed to apply the rules of law to the evidence* even though it must do so in the face of public outcry and indignation. Disregard for the principles of established law creates anarchy and destroys the very protections which the law affords an accused. Finally, to permit a jury to disregard the principles of law laid down by a trial court is contrary to the statutory law of this state. [Citation omitted.]
>
> . . . .
>
> "Although it must be conceded that the jurors in a criminal case have the raw physical power to disregard both the rules of law and the evidence in order to acquit a defendant, *it is the proper function and duty of a jury to accept the rules of law given to it in the instructions by the court, apply those rules of law in determining what facts are proven and render a verdict based thereon*." (Emphasis added.)

Finally, a panel of our court recently rejected an argument similar to Hastings. See *State v. Jones*, No. 111,386, 2015 WL 4716235, at *5-6 (Kan. App. 2015) (unpublished opinion), *rev. denied* 303 Kan. ___ (February 18, 2016). In *Jones*, the defendant contended the trial court should have granted his request to alter PIK Crim. 4th 51.010 by using the word may instead of should, because "the jury was not under an obligation to make a guilty finding." 2015 WL 4716235, at *6. Our court disagreed, explaining:

> "Jones claims his proposed jury instruction was legally appropriate because the PIK instruction spoke in terms of a mandatory adjudication of guilt and, thus, erroneously informed the jury that it had no right to nullify. Although the use of PIK instructions is not required, it is strongly recommended, as those instructions have been developed by a knowledgeable committee to bring accuracy, clarity, and uniformity to jury instructions. 'Absent a particular need under the facts of a case to alter . . . PIK instructions, they should be followed.' *State v. Acevedo*, 49 Kan. App. 2d. 655, 663, 315 P.3d 261 (2013),

*rev. denied* 300 Kan. 1104 (2014). Jones' requested jury instruction was not legally appropriate. The district court correctly declined to use Jones' proposed jury instruction and provided the proper jury instruction." 2015 WL 4716235, at *6.

We agree with the rationale stated in *Jones* and find it persuasive in resolving this issue.

In summary, we hold the trial court did not err when it provided the jury with PIK Crim. 3d 52.02, the approved and applicable instruction on reasonable doubt. This instruction was legally and factually appropriate. Given this holding, we decline to conduct a reversibility inquiry.

SENTENCE ENHANCEMENT AS A FOURTH-TIME DUI OFFENDER

Prior to sentencing, a presentence investigation (PSI) report determined that Hastings had three prior convictions for DUI, *i.e.*, a Shawnee County District Court conviction on May 17, 2012, and two prior convictions from Topeka Municipal Court, one on July 28, 2006, and another on June 16, 1997. Hastings objected to the sentencing court's consideration of her 1997 DUI conviction for sentence-enhancement purposes based upon her contention that the shortened look-back period in K.S.A. 2011 Supp. 8-1567(j)(3) should apply retroactively.

The sentencing court overruled Hastings' objection and imposed the enhanced sentence applicable to a defendant with four prior DUI convictions. Specifically, the sentencing court sentenced Hastings to a controlling 12-month jail term, but the court ordered her placed on supervised parole after serving 180 days in custody.

On appeal, Hastings complains that the sentencing court erred when it determined that the limited look-back period set forth in K.S.A. 2011 Supp. 8-1567(j)(3)—which excludes all pre-July 1, 2001, DUI convictions from consideration for sentence-enhancement purposes—did not apply retroactively. Hastings argues that the sentencing

8

court erroneously counted her 1997 DUI conviction (pursuant to the lifetime look-back provision in effect at the time she committed the current DUI offense), to sentence her as a fourth-time DUI offender. See K.S.A. 2008 Supp. 8-1567(n)(3).

Based upon *State v. Reese*, 300 Kan. 650, 658-59, 333 P.3d 149 (2014), the State properly concedes that the sentencing court erred. In *Reese*, our Supreme Court held:

> "K.S.A. 2011 Supp. 8-1567(j)(3) provides that the sentencing court is to take into account only those prior driving under the influence (DUI) convictions that occurred on or after July 1, 2001, and make the determination at the time of sentencing whether the current conviction is a first, second, third, fourth, or subsequent offense for purposes of imposing a sentence enhancement. Accordingly, the provisions of K.S.A. 2011 Supp. 8-1567(j)(3) apply to all persons who are sentenced for DUI on or after the July 1, 2011, effective date of the amended statute." 300 Kan. 650, Syl.

Although Hastings committed her current offense on January 7, 2009, she was not sentenced until November 30, 2012. As a consequence, the provisions of K.S.A. 2012 Supp. 8-1567(i)(1), rather than K.S.A. 2011 Supp. 8-1567(j)(3), governed the sentencing court's consideration of whether Hastings' conviction was her first, second, third, fourth, or subsequent DUI offense. Nevertheless, similar to K.S.A. 2011 Supp. 8-1567(j)(3), K.S.A. 2012 Supp. 8-1567(i)(1) provides:

> "(i) For the purpose of determining whether a conviction is a first, second, third, fourth or subsequent conviction in sentencing under this section:
> (1) Convictions for a violation of this section, or a violation of an ordinance of any city or resolution of any county which prohibits the acts that this section prohibits, or entering into a diversion agreement in lieu of further criminal proceedings on a complaint alleging any such violations, shall be taken into account, *but only convictions or diversions occurring on or after July 1, 2001*. Nothing in this provision shall be construed as preventing any court from considering any convictions or diversions occurring during

the person's lifetime in determining the sentence to be imposed within the limits provided for a first, second, third, fourth or subsequent offense." (Emphasis added.)

Under a plain reading of K.S.A. 2012 Supp. 8-1567(i)(1), the sentencing court erred when it considered Hastings' 1997 DUI conviction for sentence-enhancement purposes.

Given this sentencing error, what is the appropriate remedy? The State insists it is unnecessary for our court to reverse and remand for resentencing because Hastings has served her sentence which renders the issue moot. In support, the State submits a letter in accordance with Supreme Court Rule 2.042 (2015 Kan. Ct. R. Annot. 18). This letter states: "According to the Kansas Department of Corrections website, KASPER, Hastings was discharged on September 24, 2014, and is no longer serving a sentence in Shawnee County case 10CR1637." The State attached a KASPER printout which indicates that Hastings' current status is discharged with a discharged date of September 24, 2014, due to the expiration of her sentence.

Importantly, Hastings did not file a reply brief or other memoranda rebutting the State's factual assertions or challenging the State's mootness argument.

Kansas appellate courts do not generally render advisory opinions or decide moot questions. *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 (2012). Mootness is a doctrine of court policy which recognizes that a court's role is to determine real controversies relative to the legal rights of persons and properties that are actually involved in the particular case properly brought before it and to adjudicate those rights in an operative, final, and conclusive manner. 295 Kan. at 849. As a result, an appeal is moot if "'it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights.'" *State v. Montgomery*, 295 Kan. 837, 840-41, 286 P.3d

10

866 (2012). Our court analyzes questions involving the mootness doctrine under an unlimited standard of review. *Hilton*, 295 Kan. at 849.

On a related matter, we note that Hastings appealed the sentence she received in another case after her May 17, 2012, conviction for DUI on the same basis as this appeal—the district court's refusal to apply K.S.A. 2011 Supp. 8-1567(j)(3) retroactively. See *State v. Hastings*, No. 112,221, 2015 WL 6834879, at *1, 3-5 (Kan. App. 2015) (unpublished opinion), *petition for rev. filed* December 3, 2015. In response, the State argued this issue was moot because Hastings had "'served the balance of the sentence . . . and was not ordered to serve a period of post-release supervision.'" *Hastings*, 2015 WL 6834879, at *4. A panel of our court disagreed with the State:

> "The State's argument fails. Our Supreme Court has held: 'An appeal will not be dismissed for mootness, unless it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights.' [Citations omitted.] Furthermore, our Supreme Court has found:
> "'Challenging the efficacy of a conviction is simply a different proposition than is presented here. The possible collateral consequences of a conviction are "too obvious to declare [an] appeal [of the conviction] moot simply because defendant cannot be subjected to additional jail time." [Citation omitted.] The impact of a conviction is tangible and immediate.
> "'For instance, a conviction is immediately added to the defendant's criminal history score and will thereafter accompany the defendant as a fact that speaks for itself. The criminal history score will be a fact that subsequent courts *must* use to calculate future sentences; a district court cannot exercise its discretion to disregard a prior conviction.' [Citation omitted.]
> "In this case, the district court sentenced Hastings to a felony DUI and scored this as a third DUI conviction. According to K.S.A. 2014 Supp. 8-1567(b)(1)(B), Hastings' current conviction should have been a class A nonperson misdemeanor. When the district court sentenced Hastings in this case, it also sentenced Hastings in the case the State referred to on appeal [the case currently before this court on appeal]. There, the district

11

court found that was Hastings' fourth DUI conviction. According to K.S.A. 2014 Supp. 8-1567 that conviction is a nonperson felony. While the second case—or the fourth DUI—is not before this court, it is worth noting that if Hastings' third DUI is not changed, then Hasting would have two felony convictions on her record. Thus, our decision herein impacts a substantial right, and the State is incorrect; the sentencing issue is not moot." 2015 WL 6834879, at *4-5.

Returning to the present appeal, as the State asserts, it appears that unlike Hastings' prior appeal, resentencing her in this case would be ineffectual for any purpose because it would not affect any of her rights. *Cf. Hastings*, 2015 WL 6834879, at *4-5. Although Hastings' DUI conviction should have been scored as her third DUI rather than her fourth, she is still guilty of a nonperson felony regardless of how her prior DUIs are counted. This is because, according to K.S.A. 2008 Supp. 8-1567(f)(1) (the version of the statute in effect when Hastings' committed her current crime of conviction), "[o]n the third conviction of [DUI], a person shall be guilty of a nonperson felony." Likewise, under K.S.A. 2015 Supp. 8-1567(b)(1)(C)-(D), individuals who are convicted of their third DUI are guilty of a nonperson felony if they have "a prior [DUI] conviction which occurred within the preceding 10 years."

As a result, the sentencing court's error in this case will not impact Hastings' criminal history because a defendant's "criminal-history score is based on the number of past *convictions*, as well as whether those convictions were for felonies or misdemeanors and were person or nonperson offenses." (Emphasis added.) See *State v. Jones*, No. 111,371, 2015 WL 6444262, at *1 (Kan. App. 2015) (unpublished opinion), *petition for rev. filed* November 10, 2015.

In conclusion, Hastings has served her entire sentence and the State of Kansas has no authority to punish or supervise her further. Therefore, any action this court would take to remedy the sentencing court's incorrect determination that she qualified as a fourth-time DUI offender for sentence-enhancement purposes would be an idle act

12

insofar as Hastings' rights are concerned. Because we cannot remedy the sentencing court's error, Hastings' appeal is essentially a request for an advisory opinion and, for these reasons, we find the issue is moot and dismiss this issue on appeal.

Hastings' convictions are affirmed. Her appeal of the sentencing court's imposition of a DUI sentence as a fourth-time DUI offender is dismissed as moot.

Affirmed in part and dismissed in part.