NOT DESIGNATED FOR PUBLICATION

No. 114,016

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MELISSA LEE CRONEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; EVELYN Z. WILSON, judge. Opinion filed November 18, 2016. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Chadwick J. Taylor*, district attorney, *Jodi Litfin*, assistant district attorney, *Michael Blackburn*, legal intern, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., GREEN, J., and WILLIAM S. WOOLLEY, District Judge, assigned.

*Per Curiam*: Melissa Lee Croney appeals her conviction and sentence for aggravated burglary after stealing a can of spray-on tan from Walmart. On appeal, Croney argues the district court erred on three grounds: (1) the failure to instruct the jury on lesser included offenses; (2) an erroneous jury instruction that precluded jury nullification; and (3) the use of Croney's criminal history for sentencing purposes to increase her sentence for her primary offense without requiring a jury to prove her criminal history beyond a reasonable doubt in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). We conclude that the district court

1

properly instructed the jury. We also conclude that pursuant to *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002), the district court properly used Croney's criminal history at sentencing. Thus, we affirm.

FACTS AND PROCEEDINGS

Croney has been subject to a lifetime ban from all Walmart properties since August 2009. Walmart banned Croney for a second time in 2010.

On July 22, 2012, a Walmart loss prevention associate observed Croney enter a Walmart store in north Topeka and put a can of spray-on tan in her purse. The product was worth $9.92. Croney picked up other items from the store and went to the register and paid for other items. However, she left the can of spray-on tan in her purse and walked past the register without paying for it. Cooney was stopped by the Walmart loss prevention associate just before Croney reached the doors leading out of the store. A police officer, called in by the loss prevention office, arrived and took Croney to jail.

On August 28, 2012, the State charged Croney with one count of aggravated burglary, a severity level 5 person felony and one count of felony theft, a severity level 9 nonperson felony. The theft was a felony based upon her prior theft convictions.

A jury trial was held on April 21 and 22, 2014. At trial, Croney denied stealing the spray-on tan, saying that she had brought the can of spray-on tan into the store with her. Croney also testified that she was told the first Walmart ban was dismissed in court and that there was no basis for the second Walmart ban. Croney said she was under the belief that the bans were store specific. The jury found Croney guilty on both charges.

Sentencing was continued more than once to allow Croney to try to enter treatment for her drug addiction. However, Croney was unable to complete her treatment.

2

The district court sentenced Croney on September 21, 2014. At sentencing, the district court determined Croney's criminal history was a category B. Therefore, her presumptive sentences in the 5B box were 128-120-114 months, respectively, for the aggravated burglary. The district court granted Croney's motion for a downward durational departure but denied her request for a dispositional departure. The court cited as grounds for the departure that the degree of harm or loss attributed to the current crime of conviction was less than typical. The court departed downward, sentencing Croney to 60 months for the aggravated burglary charge and 6 months for the felony theft charge with the sentences to run concurrently. Croney timely appealed.

ANALYSIS

*Jury instructions on lesser included offenses*

Croney contends that the district court should have instructed the jury on the lesser included offenses of burglary and attempted aggravated robbery. Croney argues that the failure to instruct the jury on the lesser included offenses violates § 5 of the Kansas Constitution Bill of Rights, which says that "the right to a jury 'shall be inviolate.'" Croney did not request these instructions at her jury trial; nevertheless she suggests that the court should have given the two lesser included instructions, *sua sponte*.

*Standard of review*

Our Supreme Court has discussed and reaffirmed the steps and standards of review when considering instructional error in *State v. Barber*, 302 Kan. 367, 376-377, 353 P.3d 1108 (2015):

> "When analyzing jury instruction issues, we (1) determine whether the issue can be reviewed, (2) determine whether any error occurred, and (3) finally determine whether any error requires reversal. [Citations omitted.]

3

"The first and third steps are interrelated in that whether a party has preserved an issue for review will have an impact on the standard by which we determine whether an error is reversible. [Citation omitted.] If a party preserves a jury instruction issue by raising an appropriate argument before the trial court, there are no reviewability problems: We will determine whether there was an error and, if so, ask whether it was 'harmless.' [Citations omitted.]

"On the other hand, if, as in this case, a party fails to preserve an objection to the jury instructions by not raising the argument before the trial court, we will still review whether the instruction was legally and factually appropriate but will reverse only for 'clear error.' [Citation omitted.] An instruction is clearly erroneous when "'the reviewing court is firmly convinced that the jury would have reached a different verdict had the instruction error not occurred.'" [Citations omitted.]"

*Preservation*

This is a constitutional issue being raised for the first time on appeal. The State argues that the issue was not properly preserved at the trial level and should not be considered in this appeal.

The general rule holds that constitutional issues that have not been raised before the district court may not be raised on appeal. *State v. Williams*, 298 Kan. 1075, 1084-85, 319 P.3d 528 (2014). Kansas courts have recognized three exceptions to the general rule: (1) The newly asserted claim involves only a question of law arising on proved or admitted facts and is determinative of the case; (2) consideration of the claim is necessary to serve the ends of justice or to prevent the denial of fundamental rights; and (3) the district court is right for the wrong reason. *State v. Ortega-Cadelan*, 287 Kan. 157, 159, 194 P.3d 1195 (2008). Stated differently, exceptions to this rule include when the claim involves only questions of law, arises on proven or admitted facts, and is determinative of the case. *Williams*, 298 Kan. at 1084.

When an issue is not raised before the trial court, Kansas Supreme Court Rule 6.02(a)(5) (2015 Kan. Ct. R. Annot. 41) requires "an explanation why the issue is properly before the court." To comply with this rule, a litigant must "'explain why' his argument can be raised for the first time on appeal." *Williams*, 298 Kan. at 1085.

In her reply brief, Croney offers her explanation by arguing that the issue of the failure to instruct on the lesser included offenses directly affects Croney's fundamental right to a jury trial and therefore the issue falls within one of the well-recognized exceptions that allow review of constitutional issues on appeal. Croney does not explain why the constitutional issue was not raised at the trial level.

Our court recently addressed a similar issue in *State v. Castro*, No. 111,981, 2016 WL 97849 (Kan. App. 2016) (unpublished opinion). In that case, Castro raised for the first time on appeal his constitutional challenge that the failure to give the lesser included jury instruction violated his right to jury trial. Castro argued that any error in failing to include a lesser included instruction is structural error because it violates a defendant's inviolate due process right to a jury trial. The court disagreed, concluding that the defendant waived the constitutional challenge on the issue of lesser included offense instructions because defendant failed to comply with Supreme Court Rule 6.02(a)(5). 2016 WL 97849, at *5.

We agree. Croney has not offered an explanation required by Rule 6.02(a)(5) as to why this constitutional issue was not raised at the trial level, although common sense would say that if Croney, the State, and the district court did not discuss the substantive issue of using the lesser included instructions, it is highly unlikely that anyone would have discussed the constitutionality of not using those same lesser included instructions. Like the court in *Castro*, this court concludes Croney waived and abandoned the constitutional argument on the failure to give the jury lesser included instructions to the aggravated burglary.

*Propriety*

In spite of this holding, we will review the propriety of instructing the jury on the crimes of burglary and attempted aggravated burglary.

K.S.A. 2012 Supp. 22-3414(3) states the requirements for when a judge is obligated to instruct on lesser included offenses. That statute directs: "In cases where there is some evidence which would reasonably justify a conviction of some lesser included crime as provided in subsection (b) of K.S.A. 2012 Supp. 21-5109, and amendments thereto, the judge shall instruct the jury as to the crime charged and any such lesser included crime."

K.S.A. 2012 Supp. 21-5109(b) provides how the jury will consider a lesser included offense instruction: "Upon prosecution for a crime, the defendant may be convicted of either the crime charged or a lesser included crime, but not both." K.S.A. 2012 Supp. 21-5109(b) defines lesser included crimes:

> "A lesser included crime is:
>> "(1) A lesser degree of the same crime, except that there are no lesser degrees of murder in the first degree under subsection (a)(2) of K.S.A. 2012 Supp. 21-5402, and amendments thereto;
>> "(2) a crime where all elements of the lesser crime are identical to some of the elements of the crime charged;
>> "(3) an attempt to commit the crime charged; or
>> "(4) an attempt to commit a crime defined under paragraph (1) or (2)."

*Legal propriety.*

This court uses unlimited review to determine whether the legal instruction was legally appropriate. *State v. Fisher*, 304 Kan. 242, 256-57, 373 P.3d 781 (2016) (quoting *State v. Woods*, 301 Kan. 852, 876, 348 P.3d 583 [2015]).

6

At trial, Croney did not seek an instruction on the lesser included offenses of burglary or attempted aggravated burglary. This does not preclude appellate review but means that Croney will "face a higher burden in persuading [this court] that any error merits reversal." *Fisher*, 304 Kan. at 257. Because Croney failed to request the instruction at trial, K.S.A. 2012 Supp. 22-3414(3) requires her to establish that the failure to instruct on lesser included offenses is clear error.

In this case, Croney was charged with and the district court instructed the jury with regard to aggravated burglary pursuant to K.S.A. 2012 Supp. 21-5807(b). The statute provided:

> "Aggravated burglary is, without authority, entering into or remaining within any building, manufactured home, mobile home, tent or other structure, or any vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property in which there is a human being with intent to commit a felony, theft or sexually motivated crime therein."

This is a severity level 5 person felony. K.S.A. Supp. 2012 Supp. 21-5807(c)(2).

Croney contends the district court should have instructed the jury on burglary. Croney does not argue which subsection of the burglary statute should apply. Croney does not make substantively legal or factual arguments on the use of the lesser included instruction.

However, we will presume Croney did not intend to request K.S.A. 2012 Supp. 21-5807(a)(1), which applies to dwellings, or intend to request K.S.A. 2012 Supp. 21-5807(a)(3), which applies to means of conveyance. Therefore, we presume she meant K.S.A. 2012 Supp. 21-5807(a)(2), which states: "Burglary is, without authority, entering into or remaining within any: . . . building, manufactured home, mobile home, tent or other structure which is not a dwelling, with intent to commit a felony, theft or sexually

7

motivated crime therein." Burglary under K.S.A. 2012 Supp. 21-5807(a)(2) is a severity level 7 nonperson felony.

The only factually distinctive element between aggravated burglary and burglary is the requirement that there be a human being in the building. As such, burglary is properly considered to be a lesser included offense of aggravated burglary. See *State v. Ramey*, 50 Kan. App. 2d 82, 103, 322 P.3d 404 (2014). Thus, a burglary instruction may be used as a lesser included instruction of aggravated burglary.

In addition, Croney argues the judge should have given an instruction on attempted aggravated burglary. Again, Croney did not argue why this lesser included would be substantively legally or factually appropriate.

An attempt is any overt act toward the perpetration of a crime done by a person who intends to commit such crime but fails in the perpetration thereof or is prevented or intercepted in executing such crime. K.S.A. 2012 Supp. 21-5301(a). An attempt to commit a nondrug grid felony shall be ranked on the nondrug scale at two severity levels below the appropriate level for the underlying or completed crime. The lowest severity level for an attempt to commit a nondrug felony shall be a severity level 10. K.S.A. 21-5301(c)(1). K.S.A. 2012 Supp. 21-6811(g) provides that attempted crimes should be "treated as a person or nonperson crime in accordance with the designation assigned to the underlying crime." Therefore, an attempted aggravated burglary would be a severity level 7, person felony.

The only factually distinctive element between aggravated burglary and attempted aggravated burglary is whether the person fails in the perpetration of the aggravated burglary or is prevented or intercepted in executing such crime. Other than that, the elements are the same. Therefore, an attempted aggravated burglary is a lesser included

8

offense of aggravated burglary. Thus, an attempted aggravated burglary instruction may be used as a lesser included instruction of aggravated burglary.

*Factual propriety*

This court uses unlimited review to determine whether the requested legal instruction was factually appropriate. *Fisher*, 304 Kan. at 256-57 (quoting *Woods*, 301 Kan. at 876).

Croney does not argue why giving the lesser included burglary instruction would be factually proper. Croney had the right to an instruction on simple burglary if the evidence, viewed in the light most favorable to her theory of the case, would justify a jury verdict based upon that theory and the evidence did not exclude a theory of guilt on the lesser offense. See K.S.A. 2012 Supp. 22-3414(3); *State v. Williams,* 268 Kan. 1, 15, 988 P.2d 722 (1999). To warrant this instruction, there would had to have been evidence that no one was in the Walmart during the burglary. There is simply no evidence that Walmart was empty when Croney entered the store. Thus, the lesser included burglary instruction was not factually appropriate.

The trial court did not err in failing to *sua sponte* give an unrequested instruction regarding a factually improper charge of burglary.

In addition, Croney does not argue why giving the lesser included attempted burglary instruction would be factually appropriate. Croney had the right to an instruction on attempted aggravated burglary if the evidence, viewed in the light most favorable to her theory of the case, would justify a jury verdict based upon that theory and the evidence did not exclude a theory of guilt on the lesser offense. See K.S.A. 2013 Supp. 22-3414(3); *Williams,* 268 Kan. at 15.

There is no evidence that Croney was prevented from executing the crime of aggravated burglary. If she had been stopped in the Walmart parking lot before entering the store she may have had a better argument. But the evidence established that Croney went into the Walmart without authority due to the comprehensive bans, that the Walmart had human beings in it, and that Croney took the can of spray-on tan without paying. An aggravated burglary is complete once the unauthorized entry occurs, so an instruction on attempt would not be factually proper. See *State v. Daws*, 303 Kan. 785, 793, 368 P.3d 1074 (2016).

The trial court did not err in failing to *sua sponte* give an unrequested instruction regarding a factually improper charge of attempted aggravated burglary.

Because Croney's requested jury instructions are factually inappropriate and the district court did not err, this court does not need to decide whether there was clear error necessitating reversal.

*Jury nullification*

Next, Croney contends that the district court erred when instructing the jury on the burden of proof, arguing the instruction precluded the possibility of jury nullification. The court used the following language, which is modeled after PIK Crim. 4th 51.010. The instruction states:

> "If you have a reasonable doubt as to the truth of any of the claims required to be proved by the State, you must find the defendant not guilty. If you have no reasonable doubt as to the truth of each of the claims required to be proved by the State, you *should* find the defendant guilty." (Emphasis added.)

10

Because Croney failed to object to this instruction at trial, we review this issue under a clearly erroneous standard. K.S.A. 2012 Supp. 22-3414(3); *State v. Smyser*, 297 Kan. 199, 204, 299 P.3d 309 (2013).

When determining whether an instruction is clearly erroneous, this court engages in a two-step analysis. First, the court considers whether any error occurred, which requires employing an unlimited review of the entire record to determine whether the instruction was legally and factually appropriate. Second, if the court finds error, it must assess whether it is firmly convinced that the jury would have reached a different verdict without the error. *State v. Clay*, 300 Kan. 401, 408, 329 P.3d 484 (2014). The party claiming that an instruction was clearly erroneous has the burden to establish the degree of prejudice necessary for reversal. *State v. Williams*, 295 Kan. 506, Syl. ¶¶ 4, 5, 286 P.3d 195 (2012).

Numerous opinions of this court have rejected Croney's argument. See *State v. Cuellar*, No. 112,535, 2016 WL 1614037, at *1-2 (Kan. App. 2016) (unpublished opinion); *State v. Hastings*, No. 112,222, 2016 WL 852857, at *4-5 (Kan. App. 2016) (unpublished opinion); *State v. Jones*, No. 111,386, 2015 WL 4716235, at *5-6 (Kan. App. 2015) (unpublished opinion).

Similar to this case, the defendants in those cases also argued that the word *should* compelled the jury to convict, contravening other cases that disapproved of imperatives like *must* or *will.* However, we have consistently found that the instruction at issue here "does not upset the balance between encouraging jury nullification and forbidding it . . . unlike the words must, shall, and will, the word should does not express a mandatory, unyielding duty or obligation; instead, it merely denotes the proper course of action and encourages following the advised path." *Hastings,* 2016 WL 852857, at *4. Thus, we conclude that the district court did not error in instructing the jury.

11

*Criminal history under* Apprendi v. New Jersey

Croney contends the use of her criminal history for sentencing purposes, without proving her criminal history to a jury beyond a reasonable doubt, increased the maximum possible penalty for her primary offense in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Croney acknowledges this issue has already been decided adversely to her in *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002), and merely wishes to preserve this issue for possible federal review.

Interpretation of a sentencing statute is a question of law, and the standard of review is unlimited. *State v. Nguyen*, 304 Kan. 420, 422, 372 P.3d 1142 (2016). The Court of Appeals is duty bound to follow Kansas Supreme Court precedent, absent some indication the Supreme Court is departing from its previous position. *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). There is no indication our Supreme Court is departing from its ruling in *Ivory*. See *State v. McCaslin*, 291 Kan. 697, 731-32, 245 P.3d 1030 (2011) (refusing to overrule *Ivory*). Thus, the district court did not err in using Croney's criminal history to pronounce her sentence.

Affirmed.