NOT DESIGNATED FOR PUBLICATION

No. 112,535

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

HECTOR CUELLAR,
*Appellant*.


MEMORANDUM OPINION

Appeal from Johnson District Court; BRENDA M. CAMERON, judge. Opinion filed April 22, 2016. Affirmed.

*Heather Cessna*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, senior deputy district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, P.J., GREEN and LEBEN, JJ.


*Per Curiam*:  A jury convicted Hector Cuellar of theft. Cuellar argues that a jury instruction and a comment made by the prosecutor during voir dire each constituted error as they stripped the jury of its right to nullify. Because Cuellar requested the instruction to which he now objects, the invited error doctrine compels us to find that he has not properly preserved this issue for appeal. In addition, because the prosecutor did not misstate the law in voir dire, we find the prosecutor's comments were not objectionable. Finally, although Cuellar argues that these violations rise to the level of cumulative error

1

requiring reversal of his convictions, we find that because there was no error there can be no cumulative error. Accordingly, we affirm Cuellar's conviction.

## FACTUAL AND PROCEDURAL HISTORY

The following case is Cuellar's direct criminal appeal from a conviction for theft. Specifically, the State charged Cuellar with the theft of cell phones from Sprint, which the State alleged were worth more than $1,000. The case proceeded to trial, and a jury convicted Cuellar of the crime. The district court sentenced Cuellar to 12 months' probation with an underlying sentence of 6 months' imprisonment. Cuellar timely appealed.

## THE BURDEN OF PROOF INSTRUCTION

On appeal, Cuellar first argues that the district court erred when instructing the jury on the burden of proof, as the instruction precluded the possibility of jury nullification. The portion of the instruction at issue provides:

> "If you have a reasonable doubt as to the truth of any of the claims required to be proved by the State, you must find the defendant not guilty. If you have no reasonable doubt as to the truth of each of the claims required to be proved by the State, you *should* find the defendant guilty." (Emphasis added.)

Importantly, Cuellar failed to object to this instruction at trial. A party cannot claim instructional error unless he or she either objects to the error or the error is determined to be clearly erroneous. K.S.A. 2015 Supp. 22-3414(3); *State v. Smyser*, 297 Kan. 199, 204, 299 P.3d 309 (2013). When determining whether an instruction is clearly erroneous, this court engages in a two-step analysis. First, the court considers whether any error occurred, which requires employing an unlimited review of the entire record to

2

determine whether the instruction was legally and factually appropriate. Second, if the court finds error, it must assess whether it is firmly convicted that the jury would have reached a different verdict without the error. *State v. Clay*, 300 Kan. 401, 408, 329 P.3d 484 (2014). However, the court need not consider whether an instruction was clearly erroneous when the challenge is precluded by the invited error rule. *State v. Jones*, 295 Kan. 804, 811-12, 286 P.3d 562 (2012).

Simply put, the invited error rule prevents a litigant from arguing that an error he or she caused requires reversal. *State v. Verser*, 299 Kan. 776, 784, 326 P.3d 1046 (2014). And when there is an on-the-record agreement to the wording of an instruction at trial, the rule applies to bar the defendant from challenging the instruction on appeal. *State v. Peppers*, 294 Kan. 377, 393, 276 P.3d 148 (2012).

Here, Cuellar requested the very instruction he now objects to. Both instructions are exact copies of PIK Crim. 4th 51.010. While reviewing the jury instructions at trial, Cuellar lodged no objection to the instruction at issue. In short, Cuellar invited the error he now complains about, and accordingly, we need not entertain the issue. See *Jones*, 295 Kan. at 811-12.

But even addressing whether the giving of the instruction was error, this court recently rejected this very same argument in *State v. Singleton*, No. 112,997, 2016 WL 368083, at *4-6 (Kan. App. 2016) (unpublished opinion), *petition for rev. filed* February 26, 2016. In *Singleton*, the district court also instructed the jury using PIK Crim. 4th 51.010, which the defendant argued eliminated the possibility of jury nullification. And there, like in this case, the defendant insisted that the word *should* compelled the jury to convict, similar to other cases that disapproved of imperatives like *must* or *will*. See 2016 WL 368083, at *4-5. Nonetheless, this court held:

"But as every teacher instructing a class knows, and as every parent admonishing a child knows, should is less of an imperative than must or will. [Citation omitted.] . . . Should as used in this instruction is not the equivalent of 'must' or 'will' used in the instructions discussed in [other cases]. *Should* is advisory. It is not an imperative. The district court did not err in giving this instruction." 2016 WL 368083, at *6.

Cuellar presents no compelling argument as to why a different result is warranted in this case. Therefore, even disregarding the fact that Cuellar requested the instruction, the instruction at issue was not clearly erroneous.

PROSECUTORIAL MISCONDUCT DURING VOIR DIRE

Next, Cuellar contends that the prosecutor committed misconduct during voir dire. Specifically, he objects to the following comment: "As jurors you will have decisions to make in this case, but one of those is not whether or not the law that will be applied here is fair or reasonable."

Cuellar concedes that he failed to object to this comment during voir dire. However, a claim of prosecutorial misconduct based on comments during voir dire will be reviewed on appeal even without a contemporaneous objection. *State v. Anderson*, 294 Kan. 450, 461, 276 P.3d 200, *cert. denied* 133 S. Ct. 529 (2012). Appellate review of prosecutorial misconduct involves a two-step analysis. First, the court must determine whether the prosecutor's comments fell outside the wide latitude granted to prosecutors. If the comments were improper, the court then must determine whether the comments prejudiced the jury against the defendant and denied him or her a fair trial. *State v. Roeder*, 300 Kan. 901, 932-33, 336 P.3d 831 (2014), *cert. denied* 135 S. Ct. 2316 (2015).

In considering the first step, Cuellar argues that the prosecutor misstated the law by implying that the jury could not exercise their right to jury nullification. By definition, jury nullification is "'[a] jury's knowing and deliberate rejection of the evidence or refusal

4

to apply the law either because the jury wants to send a message about some social issue that is larger than the case itself or because the result dictated by law is contrary to the jury's sense of justice, morality, or fairness.'" *Silvers v. State*, 38 Kan. App. 2d 886, 888, 173 P.3d 1167, *rev. denied* 286 Kan. 1180 (2008). Jurors are always imbued with "the raw physical power to disregard both the rules of law and the evidence in order to acquit a defendant," but the proper duty of the jury is "to accept the rules of law given to it in the instructions by the court, apply those rules of law in determining what facts are proven and render a verdict." *State v. McClanahan*, 212 Kan. 208, Syl. ¶ 3, 510 P.2d 153 (1973). This principle mirrors our Kansas statutes, which clearly provide that "[w]hen the trial is to a jury, questions of law shall be decided by the court" while the issues of fact are decided by the jury. K.S.A. 22-3403(3).

At the time of the comment at issue, the prosecutor was discussing the burden of proof and the duty of the jury to apply the law as instructed by the district court. In fact, immediately after the statement Cuellar challenges, the prosecutor asked whether the potential jurors believed they could apply the law presented in the jury instructions. With this context in mind, it is clear that the prosecutor was simply explaining the jury's duty and ensuring that any potential jurors be willing to fulfill that role. And as our Kansas cases and statutes make clear that the jury's role is to decide questions of fact while accepting the rules of law, the prosecutor did not misstate the law. See K.S.A. 22-3403(3); *McClanahan*, 212 Kan. 208, Syl. ¶ 3.

Because the prosecutor did not misstate the law, the comment at issue was not misconduct.

CUMULATIVE ERROR

Cuellar last argues that the cumulative effect of the errors asserted in his other two issues deprived him of a fair trial. The cumulative error doctrine allows for reversal when

5

the totality of circumstances substantially prejudiced the defendant and denied him or her a fair trial. *State v. Williams*, 299 Kan. 1039, 1050, 329 P.3d 420 (2014). That said, this doctrine will not apply if there are no errors supporting reversal. 299 Kan. at 1050. As previously explained, neither the jury instruction nor the prosecutor's statement constituted error. As such, there are no errors to accumulate, and Cuellar's argument on this point must fail. His conviction is affirmed.

Affirmed.