NOT DESIGNATED FOR PUBLICATION

No. 112,990

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RANDY D. BURTON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; ROBERT P. BURNS, judge. Opinion filed May 27, 2016. Affirmed.

*Heather Cessna*, of Kansas Appellate Defender Office, for appellant.

*Susan Alig*, assistant district attorney, *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., LEBEN, J., and HEBERT, S.J.

*Per Curiam*: Randy D. Burton appeals his conviction by a jury of fleeing and eluding a police officer. He argues that the prosecutor improperly advised the jury during voir dire that it did not have the power of nullification. He also argues that the district court erred by instructing the jury pursuant to PIK Crim. 4th 51.010 that it should convict him in the absence of a reasonable doubt.

We find no error and affirm Burton's conviction.

*Factual and Procedural Background*

In December 2013, the State filed an information charging Burton with one count of fleeing or eluding a police vehicle in violation of K.S.A. 2013 Supp. 8-1568, and one count of use or possession with intent to use drug paraphernalia in violation of K.S.A. 2013 Supp. 21-5709(b)(2).

At the beginning of trial, both the State and Burton participated in voir dire. During voir dire, the prosecutor told the venire:

> "At the close of the trial, you'll be instructed on what the law is and the judge will give you certain instructions for what the case is, and the—you as jurors would have to follow that law. Can everyone agree with me that you can follow the law whether you disagree with it? Is there anyone who cannot do that? For the record, I see no hands."

Burton did not object to the State's comments to the venire.

At trial, several police officers testified regarding the pursuit of Burton's vehicle. The defense did not present a case. Outside the presence of the jury, the court reviewed the jury instructions, including PIK Crim. 4th 51.010, which was designated as Instruction No. 15:

> "The State has the burden to prove the defendant is guilty. The defendant is not required to prove that he is not guilty. You must presume that he is not guilty unless you are convinced from the evidence that he is guilty.
>
> "The test you must use in determining whether the defendant is guilty or not guilty is this: If you have a reasonable doubt as to the truth of any of the claims required to be proved by the State, you must find the defendant not guilty. If you have no reasonable doubt as to the truth of each of the claims required to be proved by the State, you should find the defendant guilty."

Burton offered no correction or objection, and the jury was instructed accordingly.

The jury found that Burton committed all eight of the moving violations underlying the eluding charge and found him guilty of that count. The jury acquitted Burton of the drug paraphernalia charge. The district court sentenced Burton to 10 months' imprisonment and 12 months' postrelease supervision. Burton timely appealed.

*The Pattern Instruction Was Properly Used by the District Court*

We first consider Burton's argument that the district court erred by giving the pattern instruction on burden of proof because, by advising the jury that it should find the defendant guilty if it had no reasonable doubt, the court failed to preserve the jury's right to nullification by directing a verdict for the State. Burton acknowledges that he did not object to the instruction at trial but contends that this court has jurisdiction to hear an argument about erroneous jury instructions.

Our standard of review in such instances is well established. A party cannot claim the district court erred in giving a jury instruction unless (1) the party objects before the jury retires, stating distinctly the matter to which the party objects and the grounds for the objection, or (2) the instruction is clearly erroneous. *State v. Smyser*, 297 Kan. 199, 204, 299 P.3d 309 (2013). This court uses a two-step process in determining whether the challenged instruction was clearly erroneous. First, it must ascertain if there was any error at all by considering whether the instruction at issue was both legally and factually appropriate, employing an unlimited review of the entire record; second, if this court finds error, it must assess whether it is firmly convinced the jury would have reached a different verdict without the error. *State v. Clay*, 300 Kan. 401, 408, 329 P.3d 484, *cert. denied* 135 S. Ct. 728 (2014). The issue raised by Burton has been definitively addressed in *State v. Allen*, No. 112,780, 2016 WL 2609549 (Kan. App. May 6, 2016).

The *Allen* court first surveyed several decisions of the Kansas Supreme Court regarding the power of juror nullification and reiterated the conclusion:

> "Criminal defendants are not entitled to have the jury instructed on its inherent power of nullification—that is, the power to disregard the rules of law and evidence in order to acquit the defendant based upon the jurors' sympathies, notions of right and wrong, or a desire to send a message on some social issue." ___ Kan. App. 2d ___,
> Syl. ¶ 4.

See *State v. Naputi*, 293 Kan. 55, 66, 260 P.3d 86 (2011); *State v. McClanahan*, 212 Kan. 208, 216-17, 510 P.2d 153 (1973); *cf. State v. Smith-Parker*, 301 Kan. 132, 164, 340 P.3d 485 (2014).

The *Allen* court then drew upon several recent unpublished but persuasive decisions of this court where the issue raised by Burton has been specifically addressed and rejected and held:

> "Unlike the words 'must,' 'shall,' and 'will,' the word 'should' does not express a mandatory, unyielding duty or obligation; instead it merely denotes the proper course of action and encourages following the advised path. Accordingly, the reasonable doubt instruction contained in PIK Crim.4th 51.010, which states that if the jury has no reasonable doubt as to the truth of each of the claims asserted by the State it 'should find the defendant guilty,' does not usurp the jury's inherent power of nullification." 52 Kan. App. 2d ___, at Syl. ¶ 5.

See *State v. Cuellar*, No.112,535, 2016 WL 1614037 , at *1-2 (Kan. App. 2016) (unpublished opinion); *State v. Ford*, No. 112,877, 2016 WL 2610259, at * 7-8 (Kan. App. 2016) (unpublished opinion); *State v. Hastings*, No.112,227, 2016 WL 852857, at *4-5 (Kan. App. 2016) (unpublished opinion); *State v. Singleton*, No. 112,997, 2016 WL 368083, at *4-6 (Kan. App. 2016) (unpublished opinion), *petition for rev. filed* February 26, 2016; *State v. Jones*, No.111,386, 2015 WL 4716235, at *5-6 (Kan. App. 2015) (unpublished opinion), *rev. denied* 303 Kan. ___ (February 18, 2016).

Burton presents no compelling argument as to why we should reach a different result in this case. PIK Crim. 4th 51.010 does not direct a verdict for the State and the district court did not err in instructing the jury.

*No Prosecutorial Misconduct Occurred*

Burton contends that the prosecutor engaged in misconduct during voir dire by telling the panel that it would have to follow the law as instructed regardless of whether they agreed with the law. He admits that he did not raise this issue before the district court.

A claim of prosecutorial misconduct based on comments made during voir dire, which is not evidence, will be reviewed on appeal even absent a contemporaneous objection. See *State v. Armstrong*, 299 Kan. 405, 416, 324 P.3d 1052 (2014); *State v. Dull*, 298 Kan. 832, 836, 317 P.3d 104 (2014); *State v. Stevenson*, 297 Kan. 49, 51, 298 P.3d 303 (2013); *State v. King*, 288 Kan. 333, 349, 204 P.3d 585 (2009).

As to the prosecutorial misconduct standard, appellate review of allegations of prosecutorial misconduct requires a two-step process. *State v. Tosh*, 278 Kan. 83, 93, 91 P.3d 1204 (2004). First, an appellate court determines whether there was misconduct, *i.e.*, whether the prosecutor's comments were outside the wide latitude allowed in discussing the evidence. *Armstrong*, 299 Kan. at 416 (citing *State v. Bridges*, 297 Kan. 989, 1012, 306 P.3d 244 [2013]); *Tosh*, 278 Kan. at 85. Second, if misconduct is found, the appellate court determines whether those comments compel reversal, *i.e.*, whether the statements prejudiced the jury against the defendant and denied the defendant a fair trial. *Armstrong*, 299 Kan. at 416.

Although the prosecutor advised the jurors during voir dire that the jury was required to follow the law despite potential disagreements with the law, the State did not advise the jury that it did not have the power of nullification. The prosecutor's comments touched

5

generally on the jury's duty to follow the law, which is well within the wide latitude afforded the State, and at no point did the State instruct the jurors that they were compelled to return a guilty verdict for any reason. *Armstrong*, 299 Kan. at 416. In an unpublished but persuasive opinion, a panel of this court recently addressed a similar statement made during jury instructions and found that such a statement was consistent with Kansas Supreme Court precedent in *McClanahan*, the jury's oath to reach a verdict based on the evidence and the law, and legislative direction. *State v. Amack*, No. 111,136, 2015 WL 2342371, at *5 (Kan. App. 2014) (unpublished opinion). Burton has not demonstrated that the prosecutor misstated the law or otherwise engaged in misconduct, and the absence of misconduct forecloses the possibility that the prosecutor's conduct denied Burton a fair trial. *Armstrong*, 299 Kan. at 416.

*There Was No Cumulative Error*

Burton argues that he did not receive a fair trial as a result of the combined effects of the repeated denials of the jury's right to nullification. He contends that the jury was told at both the beginning and the end of the trial that it did not have the right to nullification, which was clearly erroneous.

"'Cumulative error will not be found when the record fails to support the errors raised on appeal by the defendant. [Citations omitted.]'" *State v. Novotny*, 297 Kan. 1174, 1191, 307 P.3d 1278 (2013). When the appellant fails to demonstrate "two or more trial errors not individually reversible, the cumulative error doctrine is inapplicable." *State v. Hilt*, 299 Kan. 176, 200, 322 P.3d 367 (2014). Here, since Burton has failed to demonstrate that any error occurred, the cumulative error doctrine is inapplicable.

Affirmed.