NOT DESIGNATED FOR PUBLICATION

No. 114,371

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KEVIN WILLIAMS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Franklin District Court; WILLIAM F. LYLE, judge. Opinion filed December 23, 2016. Affirmed in part, reversed and vacated in part, and remanded with directions.

.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.


*Stephen A. Hunting*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before MALONE, C.J., GREEN, and LEBEN, JJ.


*Per Curiam*:  Kevin Williams appeals his convictions of possession of marijuana and driving under the influence (DUI). Williams claims there was insufficient evidence to support either conviction. He also claims the district court erred when it failed to instruct the jury on voluntary intoxication as a defense to the crime of possession of marijuana. We agree with Williams that there was insufficient evidence to support his conviction of driving with a blood alcohol concentration of .08 or greater measured within 3 hours of the time of operating his vehicle, but we reject Williams' remaining claims.

FACTUAL AND PROCEDURAL BACKGROUND

On March 13, 2013, at approximately 6:13 p.m., Deputy Tanner Hendrickson of the Franklin County Sheriff's Office was notified by dispatch that a caller reported a driver operating a motorcycle while seeming to be impaired. Hendrickson located the motorcycle and, while following it, observed the driver make a left hand turn without using his signal and then accelerate to a high rate of speed. Hendrickson also observed the driver weaving and crossing the center line and the fog line. Upon closer inspection, Hendrickson realized that the motorcycle did not have taillights or a license plate. After the driver failed to use his turn signal when changing lanes, Hendrickson activated his emergency lights and initiated a traffic stop in a gas station parking lot.

The driver, who was later identified as Williams, turned off his motorcycle as Hendrickson was exiting his patrol vehicle. As Hendrickson approached the motorcycle, Williams started walking towards him but stumbled. When Hendrickson informed Williams of the reasons for the stop, Hendrickson detected the odor of alcohol emanating from Williams. He also noticed Williams' eyes were bloodshot and glassy.

Hendrickson asked Williams to perform field sobriety tests. Following the walk-and-turn test, Hendrickson noted that Williams was unable to put his heel to his toe on two occasions, stepped off the line, improperly turned, and used his arms for balance. On the one-leg-stand test, Williams swayed, used his arms to balance, and put his foot down. As a result of Williams' performance on the field sobriety tests, Hendrickson asked Williams to submit to a preliminary breath test (PBT). The PBT showed a blood alcohol concentration (BAC) of .182. Based on all the evidence, Hendrickson believed that Williams was intoxicated and arrested him for DUI.

After conducting a pat-down of Williams, Hendrickson transported him to the Franklin County Adult Detention Center at approximately 6:47 p.m. Upon arrival,

Williams was met by Deputy Rusty Brooks who warned Williams that it was illegal to bring contraband into the detention center. Brooks then conducted a pat-down of Williams to ensure he was not concealing any drugs or weapons.

Prior to being turned over to the custody of the jail, Hendrickson provided Williams with a copy of the DC-70 form and read him the implied consent advisories. As Hendrickson was not trained to operate the Intoxilyzer, he requested that Williams submit to a blood test to determine his BAC. Williams initially refused and was escorted to a holding cell by Brooks. Brooks informed Williams that once he was in the holding cell, he would have to submit to a strip search. At that point, Williams put his right hand in his pocket, removed a green leafy substance and gave it to Brooks saying, "Here man, I trust you. Get rid of this." Suspecting that it was marijuana, Brooks placed the substance in an evidence bag and sent it to the Kansas Bureau of Investigation (KBI) for testing.

Eventually, Williams changed his mind and agreed to submit to a blood test. Hendrickson informed EMS, who dispatched a paramedic to perform the test. Williams' blood sample was sent to the KBI, and the results revealed that Williams' BAC was .21. When the lab results for the leafy substance were returned, it was determined that the leafy substance was .62 grams of marijuana.

On March 14, 2013, the State charged Williams with one count of DUI to a degree that rendered him incapable of safely driving a vehicle in violation of K.S.A. 2013 Supp. 8-1567(a)(3) and one count of possession of marijuana after a prior conviction. The charges were amended on July 5, 2013, to include an additional count of trafficking contraband in a correctional institution. The complaint was amended a final time to charge Williams with driving with a BAC greater than .08 as measured within 3 hours of the time of operating his vehicle in violation of K.S.A. 2013 Supp. 8-1567(a)(2), or in the alternative, DUI to a degree that rendered him incapable of safely driving a vehicle in

3

violation of K.S.A. 2013 Supp. 8-1567(a)(3). The charges for possession of marijuana and trafficking in contraband remained the same.

A 2-day jury trial began on August 12, 2014. The State called Hendrickson to testify about the traffic stop that led to Williams' arrest and the blood draw that was eventually obtained from Williams. It then called Brooks, who testified about his search of Williams and Williams' eventual surrender of the substance that was later found to be marijuana. Jason Ryburn, the paramedic who drew Williams' blood, testified next and explained his procedure for obtaining a sample of Williams' blood. Finally, two technicians from the KBI testified about the testing process for both the blood sample and the marijuana. Williams did not call any witnesses to testify on his behalf.

After the evidence was presented, the district court instructed the jury that to find Williams guilty of DUI, the State had to prove that Williams drove a vehicle, while driving he was under the influence of alcohol to a degree that rendered him incapable of safely driving the vehicle, and that it occurred on March 13, 2013, in Franklin County. The court also instructed the jury that in order to find Williams guilty of driving with a BAC greater than .08 as measured within 3 hours of last driving his vehicle, the State had to prove that Williams drove a vehicle, his BAC was .08 or more as measured within 3 hours of last driving, and it occurred on March 13, 2013, in Franklin County. The court also explained to the jury that both DUI counts were alternative charges that constituted one crime and that it could find Williams guilty of either, both, or neither charge.

In regards to the possession of marijuana charge, the district court instructed the jury that the State had to prove that Williams knowingly possessed marijuana and that it occurred on March 13, 2013, in Franklin County. Possession was defined as "having joint or exclusive control over an item with knowledge of and the intent to have such control or knowingly keeping an item in a place where the person has some measure of access and right of control."

4

In closing arguments, Williams claimed that he was not knowingly in possession of marijuana because his intoxicated state prevented him from being aware that he had marijuana in his pocket. Williams also pointed to the fact that the marijuana was not discovered during either pat-down, and he argued that the quantity was too small for him to even know it was in his pocket. Finally, Williams argued that when he discovered the marijuana, he immediately surrendered it to Brooks, therefore showing that he was not knowingly in possession of the marijuana.

The jury deliberated for about 4 hours. It found Williams guilty of both DUI to a degree that rendered him incapable of safely driving a vehicle and driving with a BAC of .08 or greater as measured within 3 hours of the time of operating his vehicle. The jury also found Williams guilty of possession of marijuana. A mistrial was declared on the charge of trafficking contraband as the jury was unable to reach a verdict on that count.

On September 29, 2014, the district court sentenced Williams to 42 months' imprisonment for possession of marijuana and 12 months' imprisonment for driving with a BAC greater than .08 in violation of K.S.A. 2013 Supp. 8-1567(a)(2). The district court granted Williams 24 months' probation (after serving 45 days in jail) in light of his efforts to rehabilitate, his role as the custodian of his children, and the fact that Williams committed no additional crimes after this incident. Williams timely appealed his convictions.

WAS THERE SUFFICIENT EVIDENCE TO SUPPORT WILLIAMS' CONVICTION OF POSSESSION OF MARIJUANA?

Williams argues that the evidence presented at trial was insufficient to enable a rational factfinder to find that he was knowingly in possession of marijuana. In support of his claim, he points to the fact that the amount found was very small, so "it is clear that [he] was not even aware of its presence until he, himself, discovered it in his pocket."

5

Williams points out that when he discovered the marijuana, he immediately turned it over to Brooks. He also points out that Brooks searched him multiple times without finding the marijuana, which is a "clear indication" that Williams was not aware of its presence.

The State contests Williams' claim that there was insufficient evidence to establish that he was knowingly in possession of marijuana. The State notes that the arguments Williams makes on appeal already were made at trial, but they were rejected by the jury.

When sufficiency of the evidence is challenged in a criminal case, this court determines whether, after reviewing all the evidence, viewed in the light most favorable to the prosecution, this court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. *State v. Dunn*, 304 Kan. 773, 821, 375 P.3d 332 (2016). In reviewing the sufficiency of the evidence, this court does not reweigh evidence, make credibility determinations, or resolve conflicting evidence. 304 Kan. at 822. A conviction can be based on circumstantial evidence and inferences derived from the evidence, so long as the inferences are reasonable. *State v. Brooks*, 298 Kan. 672, 689, 317 P.3d 54 (2014).

Williams was convicted of possession of marijuana after a prior conviction in violation of K.S.A. 2013 Supp. 21-5706(b)(3) and (c)(2)(B), which requires the State to prove that Williams knowingly possessed marijuana. Possession means "'having control over a place or thing with knowledge of and the intent to have such control.'" *State v. Beaver*, 41 Kan. App. 2d 124, 129, 200 P.3d 490 (2009).

Officer Brooks testified that when Williams arrived at the jail, he informed Williams that contraband, including drugs, was not permitted in the facility. Brooks stated that he patted down Williams to ensure he did not have any drugs or weapons and explained that "[t]he pat search is just the beginning to make sure there [are] no weapons out in the open that you can feel." Explaining that he did not put his hands into Williams'

pockets because he had encountered needles when doing so in the past, Brooks testified that he then informed Williams that he was going to be subject to a strip search.

Brooks next testified that as he was escorting Williams to a cell, Williams placed his right hand in his pocket, pulled it out, and in his hand had a "green leafy substance." Williams then handed the substance to Brooks and stated: "Here man, I trust you. Get rid of this." The substance was later determined to be .62 grams of marijuana. This evidence alone was sufficient to permit a rational jury to find that Williams knowingly possessed marijuana; the marijuana was in his pants pocket, he handed it to Brooks willingly and unprompted, and he instructed Brooks to "get rid of this."

In *State v. Kneisel*, No. 111,544, 2015 WL 4460407 (Kan. App. 2015) (unpublished opinion), *rev. denied* 304 Kan. 1020 (2016), the defendant argued that the evidence convicting him of possession of marijuana found in his vehicle was insufficient because the amount of marijuana found was so small. The defendant claimed that the small amount of the marijuana "would not 'have alerted him that he possessed it.'" 2015 WL 4460407, at *3. This court rejected that argument and explained that because the defendant had exclusive control over the vehicle in which the marijuana was found, the evidence supported the conclusion that he was knowingly in possession of the marijuana found in the car. 2015 WL 4460407, at *2-3.

Williams argues that the fact that Brooks did not discover the marijuana during the pat-down shows that his possession was not knowing. He also argues that his intoxication prevented him from knowingly possessing the marijuana. Williams presented these same arguments at trial, and they were rejected by the jury. Williams now is essentially asking this court to reweigh the evidence and make credibility determinations, which is not the role of this court when considering the sufficiency of the evidence presented at trial. See *Dunn*, 304 Kan. at 822. Considering the evidence in the light most favorable to the State,

as we are required to do, we conclude there was sufficient evidence to support Williams' conviction of possession of marijuana.

## WAS THERE SUFFICIENT EVIDENCE TO SUPPORT WILLIAMS' CONVICTION OF DRIVING WITH A BAC OF .08 OR GREATER?

Williams next claims that the evidence presented at trial was insufficient to enable a rational factfinder to find him guilty of driving with a BAC of .08 or greater. Noting that a conviction requires the State to prove he had "an alcohol concentration in his blood or breath of .08 or more as measured within 3 hours of the time of operating his vehicle," Williams points out that the State offered no evidence that the blood draw occurred within that 3-hour time limit. Specifically, the evidence at trial showed that Hendrickson received a dispatch at approximately 6:13 p.m. that a caller reported a person operating a motorcycle while impaired, but there was no evidence offered regarding the time the traffic stop occurred. Similarly, there was no evidence presented about when Williams initially refused the blood test, how long it took for him to change his mind, what time the paramedic was called to perform the blood test, or when the test actually occurred.

The State, while appearing to concede that it did not establish any timeline, argues that the evidence presented was enough for a jury to reasonably infer that the blood draw occurred within 3 hours of Williams' traffic stop. But if this court finds there was insufficient evidence to support Williams' conviction of driving with a BAC of .08 or greater, the State points to the fact that the jury still found Williams guilty of the alternative charge of DUI to a degree that rendered him incapable of safely driving.

As we have previously stated, when sufficiency of the evidence is challenged in a criminal case, this court determines whether, after reviewing all the evidence, viewed in the light most favorable to the prosecution, this court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. *Dunn*, 304

8

Kan. at 821. This court does not reweigh evidence, make credibility determinations, or resolve conflicting evidence. 304 Kan. at 822.

Williams was charged with DUI in violation of K.S.A. 2013 Supp. 8-1567(a)(2), which requires the State to prove that his BAC was .08 or greater within 3 hours of the time of operating his vehicle. See PIK Crim. 4th 66.020. Although a blood test administered outside the statutorily proscribed time frame may justify a conviction under K.S.A. 2013 Supp. 8-1567(a)(1), "[t]o obtain a conviction for a per se violation under K.S.A. 8-1567(a)(2), the State must show the alcohol concentration was tested within [3] hours of the last time a defendant operated or attempted to operate a vehicle." *State v. Pendleton*, 18 Kan. App. 2d 179, 186, 849 P.2d 143 (1993).

Here, the only concrete timeframe established at trial was that Williams was stopped shortly after 6:13 p.m., and he was transported to jail at approximately 6:47 p.m. Hendrickson testified that upon arrival at the jail he asked Williams to submit to a blood draw and read him the implied consent advisories, but he provided no indication of what time this occurred. Hendrickson testified that Williams first refused the blood draw, but eventually consented; however, he did not testify about how much time elapsed between Williams' initial refusal and his eventual consent to the test. Hendrickson also testified that he contacted EMS to perform the blood draw, "at some point" a paramedic arrived at the jail, and the blood draw was conducted on Williams "that night." The paramedic testified only that he was called to perform a blood draw some time that evening.

Although a jury is permitted to make reasonable inferences that a fact at issue exists, the State presented insufficient evidence at trial for the jury to even reasonably infer that the blood draw occurred within 3 hours of Williams last operating his motorcycle. Therefore, even viewing the evidence presented in the light most favorable to the State, there is simply not enough evidence here to permit a rational factfinder to find

9

Williams guilty of driving with a BAC of .08 or greater. Thus, his conviction under K.S.A. 2013 Supp. 8-1567(a)(2) is reversed and his sentence for that count is vacated.

As the State points out, Williams also was found guilty of the alternative charge of DUI in violation of K.S.A. 2013 Supp. 8-1567(a)(3), which makes it a crime to operate a vehicle while under the influence of alcohol to a degree that renders the person incapable of safely driving a vehicle. If a defendant is charged in the same complaint with alternative counts, the jury can enter a verdict on each count, but the defendant can only be convicted of one offense. *State v. Blanchette*, 35 Kan. App. 2d 686, 704, 134 P.3d 19 (2006). Here, the jury found Williams guilty of both DUI with a BAC of .08 or greater as measured within 3 hours of last driving his vehicle in violation of K.S.A. 2013 Supp. 8-1567(a)(2), and DUI to a degree that rendered him incapable of safely driving a vehicle in violation of K.S.A. 2013 Supp. 8-1567(a)(3). Williams ultimately was convicted of, and sentenced for, driving with a BAC of .08 or greater as measured within 3 hours of the time of operating his vehicle in violation of K.S.A. 2013 Supp. 8-1567(a)(2).

The State asks us to review the record and find there was sufficient evidence to convict Williams of DUI in violation of K.S.A. 2013 Supp. 8-1567(a)(3). However, Williams has not challenged the sufficiency of the evidence to support a conviction under K.S.A. 2013 Supp. 8-1567(a)(3) for the obvious reason that he was not sentenced by the district court for this alternative count of DUI. Under the circumstances presented here, the appropriate remedy is to remand Williams' case to the district court for resentencing with directions to vacate the sentence for Williams' conviction under K.S.A. 2013 Supp. 8-1567(a)(2). At resentencing, the district court may consider whether the evidence is sufficient to adjudge Williams guilty of the alternative count of DUI in violation of K.S.A. 2013 Supp. 8-1567(a)(3). If the district court adjudges Williams guilty of the alternative count of DUI and sentences him for that count, Williams is free to challenge the sufficiency of the evidence supporting that conviction in a separate appeal.

## DID THE COURT ERR BY NOT INSTRUCTING THE JURY ON VOLUNTARY INTOXICATION AS A DEFENSE TO THE CRIME OF POSSESSION OF MARIJUANA?

Finally, Williams argues that the district court erred when it failed to instruct the jury on voluntary intoxication as a defense to the crime of possession of marijuana. Williams did not request this instruction at trial, but he contends that the district court committed clear error because if the instruction had been given, there is a real possibility that the jury would have reached a different verdict. Williams argues that the instruction was applicable because the crime of possession of marijuana is a specific intent crime, namely that the defendant must have the intent to exercise control over the marijuana.

The State contends that the district court did not commit clear error because it would have been a "misstatement of law" to instruct the jury on voluntary intoxication as a defense to the crime of possession of marijuana. The State contends that possession of marijuana is a general intent crime and Williams' claim that it requires the specific intent to exercise control over the marijuana is incorrect.

A party cannot claim error for the district court's giving or failing to give a jury instruction unless (1) the party objects before the jury retires, stating distinctly the matter to which the party objects and the grounds for the objection; or (2) the instruction or the failure to give the instruction is clearly erroneous. *State v. Smyser*, 297 Kan. 199, 204, 299 P.3d 309 (2013). The appellate court uses a two-step process in determining whether the challenged instruction was clearly erroneous. First, the court must consider whether there was any error at all by considering whether the instruction at issue was both legally and factually appropriate, employing an unlimited review of the entire record; (2) if the court finds error, it must assess whether it is firmly convinced the jury would have reached a different verdict without the error. *State v. Clay*, 300 Kan. 401, 408, 329 P.3d 484 (2014).

11

The State filed a complaint that charged Williams with "knowingly" possessing marijuana in violation of K.S.A. 2013 Supp. 21-5706(b)(3). Possession means having joint or exclusive control over an item "with knowledge" of and the intent to have such control. See PIK Crim. 4th 57.040; *Beaver*, 41 Kan. App. 2d at 129. As the State points out, K.S.A. 2015 Supp. 21-5202(i) specifically states that all crimes in which the mental culpability requirement is expressed as "knowingly" or "with knowledge" are general intent crimes. Voluntary intoxication is not a defense available to a general intent crime. See *State v. Kershaw*, 302 Kan. 772, 777-78, 359 P.3d 52 (2015).

Thus, the voluntary intoxication instruction would not have been legally appropriate here because it is only available for specific intent crimes and possession of marijuana is a general intent crime. Williams argues that possession of marijuana includes a specific intent element, namely that he must possess the drug and have the specific intent to control it. This court rejected an identical argument in *State v. Nelson*, No. 90714, 2004 WL 2694252, at *6 (Kan. App. 2004) (unpublished opinion). In *Nelson*, the court explained: "'Control' is the essence of legal possession. 'Control' is not a separate legal term of art that requires the State to do more than prove possession. . . . When considering a possessory crime, Kansas law has consistently recognized 'control' as the sine qua non of 'possession.'" 2004 WL 2694252, at *6.

Because the voluntary intoxication instruction would not have been legally appropriate here, the district court did not err in failing to give the instruction. If there was no error, there can be no clear error. See *Clay*, 300 Kan. at 408. Thus, we reject Williams' argument that the district court committed clear error when it failed to instruct the jury on voluntary intoxication as a defense to the crime of possession of marijuana.

Affirmed in part, reversed and vacated in part, and remanded with directions.

12