NOT DESIGNATED FOR PUBLICATION

No. 114,750

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RICHARD LEE SUTHERLAND,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; DAVID DEBENHAM, judge. Opinion filed March 3, 2017.
Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Kendall Kaut*, assistant district attorney, *Chadwick J. Taylor*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., MALONE, J., and STUTZMAN, S.J.

*Per Curiam*:  Richard Lee Sutherland appeals from his jury convictions of aggravated criminal sodomy and aggravated indecent liberties with a child. The parties are well acquainted with the facts leading to Sutherland's convictions, and we need not recount them here. It suffices to note that they arise from Sutherland's sexual abuse in 2013 of an 8-year-old girl whose mother was romantically involved with Sutherland.

Sutherland's jury trial was in May 2015. Before trial, the parties submitted proposed jury instructions. In stating the essential elements of the charged crimes, both parties requested instructions identifying the child's birthdate as "(XX/XX/05)."

1

At trial, the child testified about the sexual abuse she experienced at the hands of Sutherland. She testified to her full date of birth in 2005. Likewise, her mother testified that her child was 8 years old at the time of the abuse. Sutherland testified on his own behalf and denied all charges of sexual abuse. He did not contest the child's age.

At the instruction conference that followed the close of the evidence, neither party objected to Instruction Number 8 or Instruction Number 9, which set forth the elements of the charged crimes. Consistent with the instructions proposed by both parties, the district court instructed the jury as follows:

"**INSTRUCTION NUMBER 8:** The defendant is charged in Count 1 with the crime of aggravated criminal sodomy. The defendant pleads not guilty.

"To establish this charge each of the following claims must be proved:

"1. The defendant engaged in sodomy with [the child], date of birth XX/XX/05, who was less than 14 years old. The State need not prove the defendant knew the child's age.

"2. The defendant committed the act of sodomy knowingly.

"3. The defendant was 18 or older at the time the offense was committed.

"4. That this act occurred on or about the 11th day of September, 2013, through the first day of December, 2013, in Shawnee County, Kansas.

"Sodomy means, number one, oral contact of the male genitalia. Sodomy does not include penetration of the anal opening by a finger or object in the course of the performance of generally recognized health care practices or a body cavity search conducted in accordance with the law.

"The State must prove that the defendant committed the crime of aggravated criminal sodomy knowingly.

"A defendant acts knowingly when the defendant is aware of the circumstances in which he was acting.

"**INSTRUCTION NUMBER 9:** The defendant is charged in Count 2 with the crime of aggravated indecent liberties. The defendant pleads not guilty.

"To establish this charge, each of the following claims must be proved:

2

"1.    The defendant engaged in lewd fondling or touching of [the child], date of birth XX/XX/05, with [the] intent to arouse or to satisfy the sexual desires of [the child], date of birth, XX/XX/05, the defendant, or both.

"2.    At the time of the act [the child], date of birth, XX/XX/05 was less than 14 years old. The State need not prove the defendant knew the child's age.

"3.    The defendant was 18 or more years old at the time the act was committed.

"4.    That this act occurred on or about the 11th day of September, 2013, through the first day of December, 2013, in Shawnee County, Kansas.

"Lewd fondling or touching means fondling or touching in a manner which tends to undermine the morals of the victim, which is so clearly offensive as to outrage the [moral] senses of a reasonable person, and which is done with the specific intent to arouse or satisfy the sexual desires of either the victim or the offender or both. Lewd fondling or touching does not require contact with the sex organ of one or the other.

"The State must prove that the defendant committed the crime of aggravated indecent liberties intentionally.

"A defendant acts intentionally when it is the defendant's desire or conscious objective to cause the result complained about by the State."

In the State's closing argument, the prosecutor discussed the conflict in the testimony of Sutherland and the child and the jury's duty "to weigh the credibility of each of [the] witnesses." The prosecutor stated:

"Attorneys. We're not allowed to stand up here and call people liars. Tell you who we think is telling the truth. But in this case, as I said, these two cannot coexist. These two stories, they are mutually exclusive. You cannot believe them both. How do you evaluate those? Well, does the defendant have a motive to deny that these acts took place? Sure."

After concluding its deliberations, the jury found Sutherland guilty as charged. The court sentenced Sutherland to a controlling term of life imprisonment with no chance of parole for 25 years. This appeal followed.

*Prosecutorial Error in Closing Argument*

On appeal, Sutherland does not contend the evidence was insufficient to support his convictions. Rather, he argues that the prosecutor erred in essentially calling him a liar in closing argument. Sutherland cites to what he considers to be a paralipsis in closing argument when "the prosecutor asserted it was not allowed to call anyone liars, [but] what it was telling the jury was essentially saying *I can't call Sutherland a liar, but he is*." He further contends that the prosecutor's argument invaded the province of the jury by commenting on his credibility as a witness. Finally, Sutherland contends these remarks were gross and flagrant and demonstrated ill will on the part of the prosecutor.

In considering this claim we analyze the prosecutor's conduct following the two steps described in *State v. Sherman*, 305 Kan. 88, 109, 378 P.3d 1060 (2016):

"These two steps can and should be simply described as error and prejudice. To determine whether prosecutorial error has occurred, the appellate court must decide whether the prosecutorial acts complained of fall outside the wide latitude afforded prosecutors to conduct the State's case and attempt to obtain a conviction in a manner that does not offend the defendant's constitutional right to a fair trial. If error is found, the appellate court must next determine whether the error prejudiced the defendant's due process rights to a fair trial. In evaluating prejudice, we simply adopt the traditional constitutional harmlessness inquiry demanded by *Chapman* [*v. California*, 386 U.S. 18, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1967)]. In other words, prosecutorial error is harmless if the State can demonstrate 'beyond a reasonable doubt that the error complained of will not or did not affect the outcome of the trial in light of the entire record, *i.e.*, where there is no reasonable possibility that the error contributed to the verdict.' [Citation omitted.] We continue to acknowledge that the statutory harmlessness test also applies to prosecutorial error, but when 'analyzing both constitutional and nonconstitutional error, an appellate court need only address the higher standard of constitutional error.' [Citation omitted.]"

Our Supreme Court has held that a prosecutor accusing a defendant of lying "goes far beyond the traditional wide latitude afforded to prosecutors in closing argument." *State v. Pabst*, 268 Kan. 501, 507, 996 P.2d 321 (2000). But a prosecutor may argue the reasonable inferences that can be drawn from the evidence. *State v. Stone*, 291 Kan. 13, 19, 237 P.3d 1229 (2010). Thus, a prosecutor is permitted to explain "'to juries what they should look for in assessing witness credibility, especially when the defense has attacked the credibility of the State's witnesses.'" 291 Kan. at 19 (quoting *State v. McReynolds*, 288 Kan. 318, 325, 202 P.3d 658 [2009]). Further, a prosecutor is entitled to point out reasonable inferences that can be drawn from the evidence that bears upon the credibility of conflicting testimony. *State v. Davis*, 275 Kan. 107, 121, 61 P.3d 701 (2003).

Sutherland's reliance on *State v. Rosa*, No. 108,807, 2014 WL 642051 (Kan. App 2014) (unpublished opinion), *aff'd* 304 Kan. 429, 371 P.3d 915 (2016), is not well founded. In *Rosa*, the prosecutor improperly commented on matters not in evidence. In Sutherland's case, the prosecutor's remarks did not introduce any extraneous fact. The prosecutor reminded the jurors that it was their task to assess the conflicting stories of Sutherland and the child and make the necessary credibility determination.

As stated in *Pabst*:

"Inherent in this wide latitude is the freedom to craft an argument that includes reasonable inferences based on the evidence. When a case develops that turns on which of two conflicting stories is true, it may be reasonable to argue, based on evidence, that certain testimony is not believable. However, the ultimate conclusion as to any witness' veracity rests solely with the jury." 268 Kan. at 507.

Here, the prosecutor's remarks were well within the bounds of proper argument in a case in which the defendant categorically denied the factual allegations of the victim. See *State v. Anthony*, 282 Kan. 201, 211, 145 P.3d 1 (2006); *Davis*, 275 Kan. at 121-23.

5

*Jury Instructions*

Sutherland also claims the district court committed reversible error in jury instructions 8 and 9 set forth above. He argues that with these instructions the court essentially directed a verdict on an essential element of the crimes—the fact that the victim was under the age of 14 when the crimes were committed. In considering this claim we review the challenged instructions using the procedure set forth in *State v. Fisher*, 304 Kan. 242, 256-57, 373 P.3d 781 (2016):

> """(1) First, the appellate court should consider the reviewability of the issue from both jurisdiction and preservation viewpoints, exercising an unlimited standard of review; (2) next, the court should use an unlimited review to determine whether the instruction was legally appropriate; (3) then, the court should determine whether there was sufficient evidence, viewed in the light most favorable to the defendant or the requesting party, that would have supported the instruction; and (4) finally, if the district court erred, the appellate court must determine whether the error was harmless, utilizing the test and degree of certainty set forth in *State v. Ward*, 292 Kan. 541, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012).'" [Citation omitted.]"

Sutherland's argument on this point suffers from a number of fatal infirmities.

First, he cannot get relief regarding a jury instruction if he failed to object to it unless he can show clear error. See *State v. Smyser*, 297 Kan. 199, 204, 299 P.3d 309 (2013). Sutherland did not object to these instructions at any point in the trial, and as we will demonstrate below, there was no clear error in giving them.

Second, Sutherland can hardly be heard to complain about instructions which he requested and invited the court to give. See *State v. Verser*, 299 Kan. 776, 784, 326 P.3d 1046 (2014). This rule applies even when a defendant claims clear error. *State v. Peppers*, 294 Kan. 377, 393, 276 P.3d 148 (2012).

Sutherland relies on *State v. Brammer*, 301 Kan. 333, 341, 343 P.3d 75 (2015), to avoid the invited error rule. But in *Brammer*, the district court's jury instruction was different from the instruction proposed by the defendant. That is not the case here. Sutherland requested that the court give the very language in the instructions which he now challenges.

To further avoid the rule, Sutherland relies on *State v. Hargrove*, 48 Kan. App. 2d 522, 547, 293 P.3d 787 (2013), in which the court considered whether the invited error rule should apply when the defendant's submission of the now challenged instruction was "through inadvertence and without strategic designs." But here, the record does not disclose whether Sutherland's proposed instructions were submitted inadvertently or as a trial tactic. Sutherland cannot avoid the invited error rule.

Third, in order to prevail on this claim, Sutherland must show more than mere error; he must show clear error. Sutherland relies on *State v. Boyd*, No. 114,116, 2016 WL 3856634 (Kan. App. 2016) (unpublished opinion), *petition for rev. filed* August 15, 2016, in which the State conceded that a similar instruction was given in error.

Here, the State concedes that including the child's birth year in these instructions was error. This is supported by our independent review, which demonstrates the challenged instructions were given in error. Including the child's birth year foreclosed the jury from making its own factual determination whether the State had proven beyond a reasonable doubt an essential element of these charged crimes—that the victim was a child under 14 years of age. See *Boyd*, 2016 WL 3856634, at *6.

Sutherland asks that we go no further. He challenges the application of the clear error standard and proposes that we treat the error as structural, thereby requiring reversal without regard to whether it affected the outcome of the trial.

7

Our court has treated similar instruction errors as the equivalent of failing to instruct on an essential element of the charged crime, thereby relieving the State of the burden of proving the missing element. See *Boyd*, 2016 WL 3856634, at *6; *State v. Davis*, No. 109,871, 2014 WL 6909602, at *4-5 (Kan. App. 2014) (unpublished opinion), *rev. denied* 302 Kan. 1013 (2015); *State v. Knight*, No, 105,092, 2012 WL 2325849, at *6 (Kan. App. 2012) (unpublished opinion), *rev. denied* 296 Kan. 1133 (2013). When the court's error is its failure to instruct on an essential element of the charged crime, we do not treat the error as structural but rather impose the more rigorous constitutional harmless error test. Under this test, we consider whether the record contains evidence that might rationally lead to a contrary finding on the omitted element. See *State v. Richardson*, 290 Kan. 176, 182-83, 224 P.3d 553 (2010).

Under this rigorous standard, a panel of this court recognized in *Hargrove*, 48 Kan. App. 2d at 530:

> "The failure to instruct a jury on an element of a criminal offense may amount to harmless error in some limited circumstances. The United States Supreme Court determined the omission could be treated that way if the element were 'uncontested and supported by overwhelming evidence.' *Neder*, 527 U.S. at 17. The Kansas Supreme Court adopted that standard in *Richardson*, 290 Kan. at 182-83.

> "The test for harmlessness is twofold. Not only must the evidence bearing on the omitted element approach the irrefutable, a defendant effectively has to concede that component of the charged crime. Such a concession might be inferred from the absence of contrary evidence or explanation developed in challenging the government's case or offered as part of the defense case."

At trial, the child testified to her birth date. Her mother testified to her age. This was confirmed in the video recording of the child's interview by a social worker after the child disclosed the abuse. Sutherland testified in his own defense. He denied the abuse

8

and raised a number of excuses in an attempt to explain away the child's charges. But he never contested the State's evidence that the child was under 14 year of age at the time of the events which he claimed never happened.

The child's age was uncontested and supported by overwhelming evidence. No rational juror could have come to the conclusion, based on the evidence presented in court, that the child was not less than 14 years of age. Thus, there was no clear error in giving the challenged jury instructions.

Affirmed.