NOT DESIGNATED FOR PUBLICATION

No. 114,299

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ROBERT SMYSER,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Marion District Court; STEVEN L. HORNBAKER, judge. Opinion filed June 2, 2017.
Affirmed.

*Sam S. Kepfield*, of Hutchinson, for appellant.

*Kristafer R. Ailslieger*, deputy solicitor general, and *Derek Schmidt*, attorney general, for
appellee.

Before ARNOLD-BURGER, C.J., HILL, J., and HEBERT, S.J.

*Per Curiam*:  Robert Smyser was convicted of aggravated criminal sodomy in
2008 and appealed to the Kansas Supreme Court which affirmed the conviction in 2013.
*State v. Smyser*, 297 Kan. 199, 299 P.3d 309 (2013). In 2014, Smyser filed a K.S.A. 60-
1507 motion alleging that he had received ineffective assistance of counsel at trial. After
a hearing, the district court denied the motion. Smyser now appeals. Because we find that
Smyser's trial counsel was not ineffective for failing to object to the admission of DNA
evidence, we affirm.

1

In 2008, Smyser was charged with aggravated criminal sodomy after his 7-year-old stepdaughter, K.S., reported that he had slept with her, put a blanket over her head, and "'put his private part in her butt.'" *Smyser*, 297 Kan. at 201. At trial, K.S. testified to the sexual abuse. A SANE/SART nurse who examined K.S. the day after the abuse testified, describing multiple tears to K.S.'s anus as well as bruising and blisters around K.S.'s rectum that she observed. The nurse concluded that the injuries were consistent with anal penetration.

The last day and a half of the trial were dominated by witnesses discussing DNA evidence. The State called Lance Antle, a forensic biologist for the Kansas Bureau of Investigation (KBI), who testified to the results of tests he ran on five different cuttings from various pieces of clothing K.S. had been wearing at or around the time of the assault. Despite the fact that semen was present on all of the samples, only one of the five cuttings indicated the presence of Smyser's DNA. The cutting that contained Smyser's DNA did not indicate that the DNA had come from semen.

Smyser's attorney, David Harger, also called several witnesses, including Stephanie Beine, who testified regarding alternative DNA tests she performed on one of the clothing samples from K.S., and Dr. Dean Stetler who interpreted the results of Beine's test. Stetler's testimony questioned Antle's methods and results. During his testimony, Stetler raised the possibilities that the KBI's test which indicated the presence of Smyser's DNA was a false positive based on cross-contamination and that semen that was found on K.S.'s clothes was deposited there by someone other than Smyser.

The jury found Smyser guilty and the verdict was upheld on direct appeal by the Kansas Supreme Court. *Smyser*, 297 Kan. at 200, 207.

Nearly a year after the Supreme Court upheld the conviction, Smyser filed a K.S.A. 60-1507 motion alleging that Harger was ineffective for failing to object to the admission of the State's DNA evidence. After a hearing, the district court denied the motion. Smyser now appeals.

ANALYSIS

Smyser argues that the district court erred when, after a hearing, it concluded that Harger was not ineffective for failing to object to the admission of DNA evidence. Claims alleging ineffective assistance of counsel present mixed questions of fact and law. Consequently, this court reviews the underlying factual findings for support by substantial competent evidence and the legal conclusions de novo. *State v. Bowen*, 299 Kan. 339, 343, 323 P.3d 853 (2014).

Judicial scrutiny of counsel's performance in a claim of ineffective assistance of counsel is highly deferential and requires consideration of all the evidence before the judge or jury. The reviewing court must strongly presume that counsel's conduct fell within the broad range of reasonable professional assistance. *State v. Kelly*, 298 Kan. 965, 970, 318 P.3d 987 (2014). To prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish (1) the performance of defense counsel was deficient under the totality of the circumstances, and (2) the defendant was prejudiced by counsel's error. *Sola-Morales v. State*, 300 Kan. 875, 882, 335 P.3d 1162 (2014). To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different. "A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome" of the proceeding. *Miller v. State*, 298 Kan. 921, 934, 318 P.3d 155 (2014).

3

In its memorandum decision, the district court found that Harger spent a considerable amount of time developing his trial strategy which questioned the KBI's methods and DNA test results; highlighted the fact that Smyser's DNA was not found in any of K.S.'s panties or anywhere other than the outside knee of her pajamas; and raised the possibility, through the testimony of an expert witness hired by Harger, that K.S. was assaulted by someone other than Smyser. The trial record supports the district court's findings of fact.

The district court went on to deny Smyser's motion because Smyser failed to prove that the DNA evidence he criticized Harger for not challenging would have been deemed inadmissible had Harger objected to its admission. Smyser claims that the district court erred when it reached this conclusion. Smyser contends that Harger should have filed a motion to suppress the DNA results and, if the motion was unsuccessful, objected when the results were introduced at trial.

Analysis of Smyser's claim of error must begin with a recognition of the fact that an attorney's failure to object to the admission of relevant, admissible evidence does not constitute ineffective assistance simply because the evidence in question was indicative of the defendant's guilt. See *State v. Griffin*, 279 Kan. 634, 647, 112 P.3d 862 (2005). To find that Harger was ineffective, there must be some likelihood that a challenge to the admission of DNA evidence would have been successful.

DNA test results are generally admissible in Kansas, but may be challenged "on the grounds of relevancy or prejudice." *Smith v. Deppish*, 248 Kan. 217, 238, 807 P.2d 144 (1991). It is only if such evidence has been so tainted by contamination or gaps in the chain of custody that it is totally unreliable, that it may be excluded. *State v. Connell*, No. 98,870, 2012 WL 222926, at *9 (Kan. App. 2012) (unpublished opinion). If there are minor flaws in or questions regarding the reliability DNA evidence, the evidence should be admitted. *Connell*, 2012 WL 222926, at *9. Once in evidence, an opposing attorney

4

may draw attention to any issues with reliability—including potential contamination—so that the jury can properly weigh the evidence. *State v. Horton*, 283 Kan. 44, 61, 151 P.3d 9 (2007) ("[T]he possibility for contamination affects the weight to be given the evidence. The jury bears the responsibility for weighing the evidence.").

At trial, Antle testified regarding the DNA testing he performed on K.S.'s clothing. One of the issues Antle was asked about by both attorneys was what measures he took to assure that no cross-contamination occurred while he was testing the various samples taken from K.S.'s clothes, K.S. herself, and Smyser. Antle described the procedures he used to prevent contamination, which included placing blanks between samples to detect any contamination, and then testified that he did not believe cross-contamination occurred in this case.

Prior to trial, Harger conducted extensive investigation into the DNA evidence that was going to be used against Smyser at his trial. He went so far as to have independent testing of an article of clothing done and hired an expert, Stetler, to testify to the test results. While Stetler was critical of the KBI's handing and testing of the evidence, the most he could definitively say with regard to whether the KBI's results were compromised by cross-contamination was that it was possible that cross-contamination occurred.

One expert's disputed opinion that evidence may have been contaminated would not have been sufficient to keep the DNA evidence from being admitted had Harger filed a motion to suppress or objected to its admission during trial. Given that there was no evidence at trial or presented by Smyser at the K.S.A. 60-1507 hearing that the DNA evidence was totally unreliable, it appears that the issue of cross-contamination was properly addressed by Harger through cross-examination and the presentation of defense witnesses.

5

The district court did not err when it concluded that Smyser failed to carry his burden of proving that Harger provided him ineffective assistance of counsel at trial. Accordingly, we affirm.

Affirmed.