NOT DESIGNATED FOR PUBLICATION

No. 116,926

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JERAMIAH LEE ZIMMER,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; BENJAMIN L. BURGESS, judge. Opinion filed December 22, 2017. Vacated and remanded with directions.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before BRUNS, P.J., SCHROEDER, J., and HEBERT, S.J.

PER CURIAM: Jeramiah Lee Zimmer was convicted on his plea of guilty to violating the Kansas Offender Registration Act (KORA), K.S.A. 2016 Supp. 22-4903(a) and (c)(1)(A), a level 6 person felony. At his sentencing, Zimmer was ordered to pay a Board of Indigent Defense Services (BIDS) attorney fee of $600. On appeal Zimmer argues the district court erred by imposing the BIDS fee without explicitly addressing on the record the considerations required under K.S.A. 22-4513.

1

We agree that the district court failed to explicitly comply with the statute. We vacate the judgment imposing the BIDS fee and remand the case to the district court for further proceedings in accord with this opinion.

FACTS

Zimmer was convicted of aggravated indecent liberties with a child under K.S.A. 21-3504, which triggered the KORA's requirement that Zimmer register as a sex offender. On August 8, 2016, a deputy with the Sedgwick County Sherriff's Office was advised that Zimmer "was not living where he was registered [and] was staying at other addresses." Zimmer was arrested for a parole violation three days later. After the deputy determined Zimmer had not lived at his registered address since July 2016, Zimmer was additionally charged with violating the KORA.

In support of an application for appointed counsel, Zimmer completed a financial affidavit that provided the following information:

1) He was unemployed;
2) had no dependents;
3) lived alone;
4) did not own a car, truck, or motorcycle;
5) did not receive income from rental property, public assistance, support, alimony, maintenance, or any other source;
6) had no cash in savings, checking accounts, or other funds;
7) had not transferred any property since the date of the alleged crime; and
8) could not afford to pay anything towards his defense.

In October 2016, Zimmer pled guilty to an offender registration violation, a severity level 6 person felony under K.S.A. 2016 Supp. 22-4903(a) and (c)(1)(A). One

month later, he was sentenced to a prison term of 17 months and a 24-month postrelease supervision term. The sentencing court also imposed upon Zimmer a $600 BIDS fee and a $100 application fee.

Zimmer filed a timely appeal, alleging the district judge erred when he imposed the $600 BIDS fee without explicitly considering on the record as required by K.S.A. 22-4513 Zimmer's ability to pay and the financial burden payment would create.

We note there is nothing in the record indicating Zimmer is contesting the imposition of the $100 application fee.

*The district court did not comply with K.S.A. 22-4513(b).*

Zimmer's claim is the district court erred by failing to comply with K.S.A. 22-4513. Resolution of this claim would first involve a question of law regarding interpretation and application of the statute over which we exercise unlimited review. *State v. Robinson*, 281 Kan. 538, 539, 132 P.3d 934 (2006). We apply an abuse of discretion standard to review the amount of the fee imposed. *State v. Hernandez*, 292 Kan. 598, 609, 257 P.3d 767 (2011).

K.S.A. 22-4513 provides for the reimbursement of BIDS attorney fees by convicted criminal defendants: "District court judges have discretion in determining the amount of BIDS fees a defendant is assessed, along with discretion to waive part of or all of the fees." *State v. Smyser*, 297 Kan. 199, 206, 299 P.3d 309 (2013). But according to the statute, when determining the amount and method of payment, the district court "shall take account of the financial resources of the defendant and the nature of the burden that payment of such sum will impose." K.S.A. 22-4513(b).

3

In *Robinson*, the Kansas Supreme Court held that the language in K.S.A. 22-4513 is mandatory. The court clarified how the statute requires district courts, at the time of the initial assessment of such fees, to "consider the financial resources of the defendant and the nature of the burden that payment will impose *explicitly*, stating on the record how those factors have been weighed in the court's decision. Without an adequate record on these points, meaningful appellate review of whether the court abused its discretion in setting the amount and method of payment of the fees would be impossible." 281 Kan. at 546.

At Zimmer's sentencing, the court explained why it imposed the $600 BIDS fee, noting:

> "I did review the financial affidavit that Mr. Zimmer submitted in applying for appointed counsel. I note he's 27 years of age. He has no depend[e]nts. Did not list any monthly obligations. He will be on post release supervision for at least two years. So taking all of those factors into account, I'm going to order that he reimburse [BIDS] $600."

Zimmer contends that the court's considerations were inadequate because it did not explicitly consider on the record how it weighed Zimmer's financial resources and burdens. Zimmer specifically notes how the court failed to consider that he did not have a job or employment history for the previous six months, he did not have any financial resources or property, or how paying the BIDS fee would negatively impact him. The State, on the other hand, argues that the court's acknowledgment that it reviewed Zimmer's affidavit was sufficient to comply with *Robinson*.

The State cites *State v. Farrington,* No. 107,781, 2013 WL 3970179 (Kan. App. 2013) (unpublished opinion), in support of its position. But in *Farrington,* this court found that the district court's brief inquiry did not meet the *Robinson* requirements. 2013 WL 3970179, at *2. The court noted that the requirement is not "an unduly burdensome

4

standard" and indicated that "[i]f the district court had simply asked [the defendant] whether the information in the affidavit was still current and accurate and then briefly stated on the record how the court weighed those factors . . . the requirements of K.S.A. 22-4513 and *Robinson* would have been met." 2013 WL 3970179, at *2.

At Zimmer's sentencing, the district court did not do what this court suggested in *Farrington*. First of all, reviewing Zimmer's affidavit and pointing out that he was 27 years old, had no dependents or financial obligations, and would be on postrelease supervision for two years is not the same as "stating on the record" how the court weighed that information in its decision. In *State v. Melton,* No. 109,884, 2014 WL 4231240, at *5 (Kan. App. 2014) (unpublished opinion), *rev. denied* 302 Kan. 1017 (2015), this court observed that merely stating the factors had been considered "does not satisfy the conditions of *Robinson.*" In *State v. Chavez*, No. 114,244, 2017 WL 3202955, at *7 (Kan. App. 2017) (unpublished opinion), this court determined that even a brief colloquy with a defendant regarding his family situation and employment prospects did not constitute an adequate financial inquiry as required by the statute as described in *Robinson.* See also *State v. Feenstra*, No. 114,864, 2016 WL 7178514, at *3 (Kan. App. 2016) (unpublished opinion).

Further, the district court never inquired of Zimmer if the contents of his affidavit—which he had filled out more than two months before the sentencing—were still accurate. See *State v. Cook*, No. 111,704, 2015 WL 3874997, at *3 (Kan. App. 2015) (unpublished decision) (The court discussed the ramifications of failing to confirm with the defendant that the contents of the affidavit were correct.).

The State recognizes "[t]he ruling in *Robinson* focuses on the district court's on-the-record conclusion." So while it is possible the district court did weigh all of the *Robinson* factors when it imposed a BIDS fee on Zimmer, it failed to state those considerations on the record. Likewise, nothing from Zimmer's sentencing indicates

whether the court considered the "nature of the burden" the BIDS fee would impose upon him. Instead, the court only mentioned how the affidavit indicated that Zimmer did not have dependents to care for or other financial obligations. The court did not explain how those factors impacted its final decision to impose the $600 fee.

The sentencing court failed to explicitly discuss the factors it considered when imposing the BIDS fee. This court cannot perform a "meaningful appellate review of whether the court abused its discretion in setting the amount and method of payment of the fees" without a proper record of the court's explicit considerations of Zimmer's financial resources and obligations. *Robinson*, 281 Kan. at 546.

We are persuaded by the rationale of *Farrington*, *Melton*, *Cook*, and *Chavez* that the district court here committed reversible error when imposing a $600 BIDS fee on Zimmer without making an adequate explicit record of its consideration of his current financial resources and obligations and the financial burden the assessment of the fee would create. The remedy for this error is to vacate the judgment imposing the BIDS fee and to remand the case to the sentencing court with instructions to make the required considerations and findings on the record. *Smyser*, 297 Kan. at 207.

Vacated and remanded with instructions.